1  JACK S. SHOLKOFF, State Bar No. 145097
   jack.sholkoff@ogletreedeakins.com
2  BETH A. GUNN, State Bar No. 218889
   beth.gunn@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  633 West Fifth Street, 53rd Floor
   Los Angeles, California 90071
5  Telephone:  (213) 239-9800
   Facsimile:   (213) 239-9045
6
7  Attorneys for Defendants
   DARDEN RESTAURANTS, INC. AND
   GRMI, INC., DBA RED LOBSTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID W. RUTTER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DARDEN RESTAURANTS, INC., a Florida corporation; THE RED LOBSTER, a corporation, JANE DIANGE, an individual; JIM MCKEATING, an individual; and DOES 1-100, inclusive, <br><br> Defendant. | Case No. CV08-06106 JSL (SS) <br><br> **DEFENDANTS DARDEN RESTAURANTS, INC. AND GMRI, INC.'S, DBA RED LOBSTER, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1); OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND TO STAY ACTION** <br><br> *Filed Concurrently Herewith:* <br><br> ♦ **Notice of Motion to Dismiss or to Compel Arbitration and Stay Action.** <br><br> ♦ **Declarations of Alexis Roberts and Jack S. Sholkoff in Support of Motion.** <br><br> Date:   October 20, 2008 <br> Time:  1:00 p.m. <br> Place:  4 <br><br> Trial Date: None. |

CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL ARBITRATION AND STAY OF ACTION

6674675_1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, plaintiff David Rutter ("plaintiff") brings nine claims for relief against defendants Darden Restaurants, Inc. ("Darden") and GMRI, Inc., dba Red Lobster ("Red Lobster") (improperly named as "The Red Lobster").[1] All of these claims for relief relate either to aspects of Rutter's employment with Red Lobster or to Red Lobster's decision to terminate Rutter's employment (Complaint, ¶¶ 1-3, 13-19).[2] As we explain, this Court should dismiss plaintiff's claims against Darden and Red Lobster -- or at a minimum compel plaintiff to arbitrate them and stay the action before this Court -- because plaintiff expressly agreed to arbitrate them before the American Arbitration Association. Specifically, in May, 2005, plaintiff executed <u>two</u> documents in which plaintiff agreed, as a condition of his employment, that he would submit any disputes arising from his employment to binding arbitration pursuant to the terms contained in Darden Dispute Resolution Process ("DRP").[3]

---

[1] Plaintiff also brings two claims for relief against Jane Diange and Jim McKeating. However, plaintiff has not yet formally served Diange or McKeating. <u>See</u> Declarations of Jane Diange, ¶ 3 and Jim McKeating, ¶ 3 attached to the Notice of Removal in this action. Copies of the McKeating and Diange Declarations are attached to the concurrently-filed Declaration of Jack S. Sholkoff ("Sholkoff Decl.") as Exhibit "E" for the Court's convenience. Plaintiff did, however, send on September 17, 2008, a Notice of Acknowledgment and Receipt Forms to defense counsel requesting that McKeating and Diange submit to service pursuant to California Code of Civil Procedure section 415.30. Service is not, however, complete until the forms are returned to the sender; this has not yet occurred. <u>See</u> California Code of Civil Procedure section 415.30(c); Federal Rule of Civil Procedure 4(e)(1) (service of summons may be made by "following state law for serving a summons"). Accordingly, only Darden and Red Lobster presently seek dismissal or an order compelling arbitration and a stay in this proceeding. <u>See</u> Sholkoff Decl., ¶¶ 3, 8.

[2] A copy of plaintiff's Complaint on file with the Court is attached hereto as Exhibit "A" for the Court's convenience. <u>See</u> Sholkoff Decl., ¶ 2. In a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1), the party challenging jurisdiction may rely upon the allegations contained in the Complaint <u>or</u> introduce uncontroverted extrinsic evidence. <u>See</u> <u>Association of American Medical Colleges v. United States</u>, 217 F.3d 770, 778-779 (9th Cir. 2000) (court accepts as true facts contained in complaint); <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004) (party challenging jurisdiction can proffer extrinsic evidence).

[3] A copy of the DRP is attached as Exhibit "D" to the Declaration of Alexis Roberts ("Roberts Declaration") filed concurrently herewith. Copies of the two documents signed by plaintiff agreeing to arbitration pursuant to the DRP are

1   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL ARBITRATION AND STAY OF ACTION

6674675_1

Because plaintiff has agreed to arbitrate his present nine claims for relief, this Court lacks subject matter jurisdiction over plaintiff's claims against Darden and Red Lobster. Accordingly, as a matter of law, the Court should, pursuant to Federal Rule of Civil Procedure 12(b)(1), dismiss plaintiff's claims for relief with prejudice as against Darden and Red Lobster. Alternatively, the Court should, pursuant to the Federal Arbitration Act (9 U.S.C. §§3-4), direct plaintiff to arbitrate his claims as against Darden and Red Lobster pursuant to the DRP and stay the instant action pending the completion of arbitration.

## II. FACTUAL BACKGROUND

1. In May, 2005, Red Lobster employed plaintiff as a Director of Operations (Complaint, ¶ 1, 4). Plaintiff alleges that both Darden and Red Lobster employed him as joint employers (Complaint, ¶ 4).

2. Also in May, 2005, plaintiff executed two documents indicating his agreement to comply with the terms the DRP. Specifically, in the Manager Handbook Acknowledgment, plaintiff agreed:

> "I have received a copy of Darden's Dispute Resolution Process. I have read the information and understand and agree to the terms and conditions of the DRP and understand that Red Lobster is equally bound. I agree that, as a condition of my employment at Red Lobster, to submit any eligible disputes I may have to the company's DRP and to abide by the provisions outlined in DRP. I understand that this includes, among other employment related issues, claims under state and federal laws relating to harassment and discrimination."

See Roberts Declaration, ¶ 5, Exhibit "B".

3. In addition to the Manager Handbook Acknowledgment, plaintiff also executed, on May 26, 2005, a "Dispute Resolution Process Acknowledgement"

---

attached as Exhibits "B" and "C" to the Roberts Declaration. See Roberts Declaration, ¶¶ 4-5.

2   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL ARBITRATION AND STAY OF ACTION

6674675_1

confirming his agreement to accept the terms of the DRP. In this document, plaintiff agreed:

> "I have received and reviewed the Dispute Resolution Process (DRP) booklet. This booklet contains the requirements, obligations, procedures and benefits of the DRP. I have read this information and understand and agree to the terms and conditions of the DRP. I agree as a condition of my employment to submit any eligible disputes I may have to the company's DRP and to so abide by the provisions outlined in the DRP. I understand that this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment related claims under state and federal laws relating to harassment or discrimination, as well other employment related claims as defined by the DRP. Finally, I understand that the company is equally bound to all of the provisions of the DRP."

See, Roberts Declaration, ¶ 5, Exhibit "C".

4. The DRP establishes a comprehensive dispute resolution process that applies to "all employment related disputes or claims brought by the Employee against the Company or the Company against the Employee" and expressly includes, without limitation, "claims that arise under . . . any common law right or duty, or any federal, state or local ordinance or statute." See Roberts Declaration, ¶ 4, Exhibit "D"(hereinafter "DRP"), page 1.

5. The DRP is unequivocal. It covers all employment related claims subject to only narrow exceptions.[4] It is equally applicable to both the employee and

---

[4] These exceptions include claims for Workers Compensation and Unemployment Insurance benefits, claims that cannot be legally arbitrated, and claims concerning store operations, wage rates, and benefits unless the disputes are brought pursuant to specific federal or statutory authority. Roberts, Declaration,¶ 4, Exhibit "D", page 1.

the Company, stating:

> "The DRP is the sole means for resolving covered employment related disputes instead of court actions. Disputes eligible for DRP must be resolved through DRP, with the final step being binding arbitration being heard by an arbitrator. This means DRP-eligible disputes will NOT BE RESOLVED BY A JUDGE OR JURY. Neither the Company nor the Employee may bring DRP-eligible disputes to Court. The Company and the Employee waive all rights to bring a civil court action for these disputes."

DRP, at page 1.

6. The DRP makes clear that Darden and Red Lobster, on the one hand, and employees like plaintiff, on the other hand, must arbitrate their disputes and not litigate them in court; the parties must arbitrate them before the American Arbitration Association. DRP, page 5.

7. In bringing the instant <u>judicial</u> action, plaintiff ignores the existence of the DRP and his agreement to arbitrate his employment disputes. Plaintiff's nine claims for relief all arise from his employment at Red Lobster and are thus subject to the arbitration provisions of the DRP. They include: (1) Violation of California Family Rights Act; (2) Retaliation for Exercising Rights Under California Family Rights Act; (3) Disability Discrimination in Violation of Government Code section 12940(a); (4) Failure to Reasonably Accommodate Disability in Violation of Government Code section 12940(m); (5) Failure to Engage in the Interactive Process in Violation of Government Code section 12940(n); (6) Retaliation for Exercising Rights under the Fair Employment and Housing Act; (7) Wrongful Termination in Breach of Public Policy for Exercising Rights under the California Family Rights Act and the Fair Employment and Housing Act; (8) Wrongful Termination in Breach of Public Policy Based Upon Labor Code section 132a; and (9) Intentional Infliction of Emotional Distress.

4   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL ARBITRATION AND STAY OF ACTION

6674675_1

8. The essence of plaintiff's claims is this: he suffered from a serious health condition beginning in December, 2006 as a result of a workplace injury. (Complaint, ¶ 14). Beginning in or about March, 2007, plaintiff contends that he had to miss work and was entitled to receive leave pursuant to the California Family Rights Act ("CFRA") (Complaint, ¶¶ 15-18). Plaintiff further alleges that Darden and Red Lobster did not provide him certain benefits allegedly required by CFRA, and failed to reinstate him to his position managing Red Lobster restaurants upon his recovery. He also alleges that he was ultimately terminated because he requested or used CFRA leave and sought workers' compensation benefits (Complaint, ¶¶ 19-23, 101). Plaintiff also contends that Darden and Red Lobster terminated his employment because he had an alleged disability and requested reasonable accommodation (Complaint, ¶¶ 49, 62, 76, 84, 93, and 101).

Regardless of the merits of plaintiff's claims, it is clear that all of them arise from plaintiff's employment at Red Lobster. Plaintiff's claims are all, therefore, employment related disputes and thus they are all covered by the arbitration provisions contained in the DRP.

9. The DRP provides, <u>inter alia</u>, that employment related disputes must be submitted to arbitration. The DRP further provides that the arbitration is to be conducted pursuant to the Employment Dispute Resolution Rules of the American Arbitration Association and that any decision or award made by the arbitrator is final and binding. DRP, at page 5. The DRP further provides that the DRP is "governed by the Federal Arbitration Act or whatever state law is required to authorize and/or enforce the arbitration agreement. <u>Id</u>.

10. The DRP also states that "the Company will pay the arbitrator's fees and expenses, any costs for the hearing facility, and any costs of the arbitration service." <u>Id.</u> Plaintiff pays only his own attorneys fees; <u>he pays nothing additional for the arbitration</u>. <u>Id</u>. The arbitration is to take place in or near the city in which the

5   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL
ARBITRATION AND STAY OF ACTION

6674675_1

1  <u>employee</u> is or was last employed by the Company.  DRP, at page 6.

2  12.  The DRP also provides that the Company and the Employee can mutually select a neutral arbitrator, however, if the parties cannot agree, a neutral arbitrator will be selected for them pursuant to the procedures set for the in the Employment Dispute Resolution Rules of the American Arbitration Association. DRP, at page 6.

13.  The DRP also states that arbitrator may authorize reasonably needed discovery, and expressly states that the parties shall have the right to subpoena witnesses and documents.  DRP, at page 7.

14.  The DRP also provides that the arbitrator has the same authority as a court to grant relief in any arbitration, stating as follows:

> "The arbitrator has the same authority as a court of law to grant requested relief; this would include relief requested regarding temporary restraints and preliminary injunctive activities."

DRP, at page 6.

15.  Finally, the DRP requires:

> "The arbitrator shall issue a <u>written decision</u>, including a statement of the arbitrator's facts and conclusions of law, within thirty days after the date the hearing ends."

DRP, at page 8.

16.  Plaintiff's employment with Red Lobster ended on or about April 2, 2008 (Complaint, ¶13).  Despite having specifically having agreed to arbitrate any disputes he had with his employer, plaintiff brought the instant judicial action. Specifically, plaintiff filed a complaint in the Superior Court of California, Los Angeles County on August 8, 2008.  In addition to Darden and Red Lobster, plaintiff also brought claims for relief against Jane Diange and Jim McKeating.  <u>See</u> Complaint, ¶¶5-6).  However, plaintiff has not served either Diange or McKeating in

6   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL
ARBITRATION AND STAY OF ACTION

6674675_1

1   this action and they are not a party to this Motion.  Sholkoff Decl., ¶ 3, Exhibit "E".

2   17.   In late August and early September, counsel for Darden and Red Lobster notified plaintiff's counsel that plaintiff had executed an arbitration agreement, and that the case should be sent to arbitration.  Defense Counsel confirmed this in writing, and sent plaintiff's counsel a copy of the DRP.  Plaintiff, however, refused to stipulate to arbitration.  See Sholkoff Decl., ¶¶ 4-6, Exhibits "F" and "G".

18.   On September 17, 2008, Darden and Red Lobster removed the matter to the United States District Court for the Central District of California on the ground that plaintiff is a citizen of California, all of the defendants are not, the matter involves a case or controversy in excess of $75,000, and that this Court has diversity jurisdiction pursuant to 28 U.S.C. §§1332(a) and 1441(a).  See Notice of Removal, ¶¶ 3-7, 10-13.

**III.   THE COURT SHOULD DISMISS PLAINTIFF'S ACTION PURSUANT TO FRCP 12(b)(1) AS AGAINST DARDEN AND RED LOBSTER BECAUSE PLAINTIFF AGREED TO ARBITRATE THE CLAIMS HE HAS BROUGHT AGAINST THEM.**

   **A.   <u>Plaintiff Agreed To Arbitrate Claims Arising From His Employment With Disputes With Darden And Red Lobster</u>.**

Plaintiff executed <u>two</u> statements indicating that he would arbitrate his employment disputes against Darden and Red Lobster.  Specifically, plaintiff agreed that he had "received a copy of Darden's Dispute Resolution Process," understood it, and would as condition of his employment with Red Lobster "submit any eligible disputes [plaintiff] may have to the company's DRP and to abide by the provisions outlined in DRP."  See Roberts Declaration, ¶ 5, Exhibit "B".  Similarly, plaintiff also executed a "Dispute Resolution Process Acknowledgement" in which plaintiff again confirmed his agreement to abide by the terms of the DRP.  He again

7   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL
ARBITRATION AND STAY OF ACTION

6674675_1

confirmed that he had received and reviewed the DRP, and also agreed that as a condition of his employment, he would "submit any eligible disputes" he had to "the company's DRP and to so abide by the provisions outlined in the DRP.". See, Roberts Declaration, ¶ 5, Exhibit "C". Finally, plaintiff agreed, by signing a "Clear Direction Acknowledgement" in 2002 that he "agreed to the terms and conditions of DRP." Roberts Declaration, ¶ 6, Exhibit "I". Clearly, plaintiff agreed to abide by the arbitration provisions contained in the DRP.

There can be no dispute that the DRP covers plaintiff's claims against Darden and Red Lobster.  The DRP states that it applies to "all employment related disputes or claims brought by the Employee against the Company or the Company against the Employee" and expressly includes, without limitation, "claims that arise under . . . any common law right or duty, or any federal, state or local ordinance or statute." See DRP, page 1 (attached to Roberts Declaration, ¶ 4, Exhibit "D").  It also cannot be disputed that the DRP requires the parties to arbitrate their disputes against each other ("The DRP is the sole means for resolving covered employment related disputes instead of court actions"). Id.

Finally, it cannot be disputed that plaintiff's claims arise from plaintiff's employment with Red Lobster. Plaintiff's claims are (1) Violation of California Family Rights Act; (2) Retaliation for Exercising Rights Under California Family Rights Act; (3) Disability Discrimination in Violation of Government Code section 12940(a); (4) Failure to Reasonably Accommodate Disability in Violation of Government Code section 12940(m); (5) Failure to Engage in the Interactive Process in Violation of Government Code section 12940(n); (6) Retaliation for Exercising Rights under the Fair Employment and Housing Act; (7) Wrongful Termination in Breach of Public Policy for Exercising Rights under the California Family Rights Act and the Fair Employment and Housing Act; (8) Wrongful Termination in Breach of Public Policy Based Upon Labor Code section 132a; and (9) Intentional Infliction

8   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL
ARBITRATION AND STAY OF ACTION

6674675_1

of Emotional Distress. These are all claims related to plaintiff's employment with Red Lobster, and thus are subject to the DRP's arbitration provisions.

In sum, it is beyond dispute that plaintiff (1) agreed to abide by the terms of the DRP, (2) that the DRP requires arbitration of any claims arising from plaintiff's employment with Red Lobster; and (3) plaintiff's present claims for relief fall within the scope of the DRP.

## B. The Arbitration Provisions Contained In the DRP Are Valid, Binding, And Enforceable.

It is well established that the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.) ("FAA") evinces a strong federal policy favoring arbitration by providing that arbitration agreements are enforceable. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983) ("questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration"). Indeed, section 2 of the FAA states that arbitration agreements are "valid, irrevocable and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract. 9 U.S.C. § 2. Because of the strong policy favoring arbitration, Courts examining arbitration agreements are merely to "determine only whether a written arbitration exists, and if it does, enforce it in accordance with its terms." Simula v. Autoliv, Inc., 175 F.3d 716, 720 (9th Cir. 1999) (court dismisses action after finding existence of arbitration agreement).

While the FAA states a federal policy to enforce arbitration agreements, whether an arbitration is actually enforceable remains a question of state law. Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003); Semcken v. Genesis Medical Interventional, Inc., 2004 WL 2203561 (N.D. Cal. 2004) ("federal courts 'should apply ordinary state law principles that govern the formation of contracts'" when reviewing enforceability of arbitration agreements, quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). In California, employees who

have signed arbitration agreements can be compelled to arbitrate claims involving, like the case at bar, the Fair Employment and Housing Act, provided the arbitration agreement meets the following requirements: (1) it is mutual; (2) it provides for a neutral arbitrator; (3) it provides no limitations on statutory remedies; (4) it provides for adequate discovery; (5) it requires the arbitrator to provide a written arbitration award; and (6) it does not force the employee to bear costs unique to arbitration. Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 102-103, 118-119 (2000).

The arbitration provisions contained in the DRP meet the requirements of Armendariz and thus are enforceable.

First, the DRP applies to both the employer and plaintiff equally ("Neither the Company nor the Employee may bring DRP eligible disputes to Court.") DRP, page 1. Thus, the DRP is bilateral and mutual.

Second, the DRP provides for a neutral arbitrator. It states that either the parties may agree upon an arbitrator, or the arbitrator will be selected pursuant to the Employment Dispute Resolution Rules of the American Arbitration Association (DRP, page 6). These rules provide that if the parties, after having several arbitrators suggested to them cannot agree, then AAA will select a neutral arbitrator. See Sholkoff Decl., ¶ 7, Exhibit "H".

Third, the DRP places no limits upon a party's remedy in arbitration ("the Arbitrator has the same authority as a court of law to grant requested relief"). DRP, page 6.

Fourth, the DRP permits the arbitrator to provide for reasonable discovery as needed by the parties. There are no limits to discovery in arbitration; this is left to the discretion of the neutral arbitrator (DRP, page 7).

Fifth, the DRP specifically requires the arbitrator to provide a written arbitration decision at the conclusion of the arbitration (DRP, page 8).

1  Sixth, the DRP provides that Darden and Red Lobster, and not the employee,
2  will bear all costs unique to arbitration (DRP, page 6).
3  In short, the DRP meets the requirements of <u>Armendariz</u>.  The Court should
4  enforce the DRP.

5  **C.  The Court Should Dismiss Plaintiff's Claims Against Darden And**
6  **Red Lobster Pursuant To Federal Rule of Civil Procedure 12(b)(1).**

7  Because the DRP was agreed upon by all parties, encompasses plaintiff's
8  claims against Darden and Red Lobster, and is enforceable under California law, the
9  Court should <u>dismiss</u> plaintiff's claims against Darden and Red Lobster pursuant to
10 FRCP 12(b)(1) for lack of subject matter jurisdiction.
11 Federal Rule of Civil Procedure 12(b)(1) provides:
12    "Every defense, in law or fact, to a claim for relief in any pleading,
13    whether a claim, counterclaim, cross-claim, or third-party claim, shall
14    be asserted in the responsive pleading thereto if one is required,
15    except that the following defenses may at the option of the pleader be
16    made by motion: (1) lack of jurisdiction over the subject matter."
17 FED. R. CIV. PROC. 12(b)(1).  Rule 12(b)(1) is a "flexible rule that 'often serves as a
18 vehicle for raising various residual defenses'" and, therefore, the federal courts have
19 allowed parties to an arbitration agreement to enforce their agreements through the
20 use of a motion to dismiss for lack of subject matter jurisdiction. <u>Filimex, L.L.C., v.</u>
21 <u>Novoa Investments, L.L.C.</u>, 2006 U.S. Dist LEXIS 56039, at *6 (D. Az. July 17,
22 2006) (internal citation omitted).  Thus, while section 4 of the FAA speaks of parties
23 having the right to "petition any United States district court . . . for an order directing
24 that such arbitration proceed in the manner provided for in such agreement," Courts
25 interpreting this provision have held that dismissal pursuant to FRCP 12(b)(1) is
26 equally appropriate.  <u>Choice Hotels Int'l., Inc. v. BSR Tropicana Resort, Inc.</u>, 252 F.
27 3d. 707, 709-10 (4th Cir. 2001) (holding that to require a motion to compel instead of
28

11                        CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL
ARBITRATION AND STAY OF ACTION

6674675_1

a motion to dismiss would be "hypertechnical" and undermine the "liberal federal policy favoring arbitration agreements") (internal citation omitted); Thompson v. Nienaber, 239 F. Supp. 2d 478, 482-84 (D. N.J. 2002) (holding that a party may bring a motion to dismiss under Fed.R.Civ.P. 12(b)(1) to enforce an arbitration agreement).

For example, in Swanson Restoration & Design, Inc. v. Paul Davis Restoration, Inc., 2007 U.S.Dist.LEXIS 96520 (C.D.Cal. 2007), the Court, having found that the plaintiff's claims regarding a franchise dispute were subject to an arbitration agreement, dismissed the plaintiff's claims pursuant to FRCP 12(b)(1). The Court stated:

> "When a court determines that the entirety of a dispute is subject to arbitration, the court lacks subject matter jurisdiction and dismissal of the complaint is proper [citations omitted]. The Court thus compels arbitration of the claims and dismisses Plaintiff's complaint without leave to amend." Id., at *15-16.

See also, Akar v. Prescott Hotel, 2008 WL 2265184 (slip copy) (N.D. Cal. 2008) (court finds arbitration applicable and grants motion to dismiss pursuant to FRCP 12(b)(1)). As the Ninth Circuit said in Sparling v. Hoffman Construction Company, 864 F.635, 638 (9th Cir. 1988):

> "This Court held that 9 U.S.C. §3 gives a court authority, upon application by one of the parties, to grant a stay pending arbitration, but does not preclude summary judgment when all claims are barred by an arbitration clause. Thus, the provision did not limit the court's authority to grant a dismissal in the case."

See, e.g., KKE Architects, Inc. v. Diamond Ridge Development LLC, 2008 U.S. District LEXIS 17127, *14 (C.D.Cal. 2008) (having found an enforceable arbitration

12   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL
ARBITRATION AND STAY OF ACTION

6674675_1

agreement, court may dismiss or stay judicial action). The Court of Appeals was equally clear in <u>Alford v. Dean Witter Reynolds, Inc.</u>, 975 F.2d 1161 (5th Cir. 1992):

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

<u>Id.</u> at 1164 (internal quotations omitted).  See also  <u>Luna v. Kemira Specialty, Inc.</u>, 2008 WL 4181192 (C.D.Cal. 2008) (citing <u>Alford</u> in support of Court's decision to dismiss action having found that claims were subject to arbitration agreement).

Hence, because the DRP is enforceable and encompasses plaintiff's claims as against Darden and Red Lobster, the Court should dismiss with prejudice said claims pursuant to Federal Rule of Civil Procedure 12(b)(1).

## IV. THE COURT MAY, ALTERNATIVELY, STAY THE ACTION AS AGAINST DARDEN AND RED LOBSTER PENDING ARBITRATION.

Should the Court determine not to <u>dismiss</u> plaintiff's claims as against Darden and Red Lobster, it must, at a minimum, direct the parties to resolve them in arbitration and stay plaintiff's judicial claims against Darden and Red Lobster. Section 3 of the FAA makes clear that once the Court finds an arbitration agreement enforceable, it must, at a minimum, stay the judicial action.  <u>See</u> 9 U.S.C. § 3. Section 3 states that when presented with an enforceable arbitration agreement, the

13   CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL
ARBITRATION AND STAY OF ACTION

6674675_1

1  Court "shall on application of one of the parties stay the trial of the action until such
2  arbitration has been had in accordance with the terms of the agreement."  Section 4
3  further authorizes the Court to direct the parties to arbitration (parties "aggrieved by
4  the alleged failure, neglect, or refusal of another to arbitrate under a written
5  agreement for arbitration may petition any United States district court . . . for an
6  order directing that such arbitration proceed in the manner provided for in such
7  agreement").

8  Moreover, the FAA "leaves no place for the exercise of discretion by the
9  District Court."  Once the Court finds an enforceable arbitration agreement, the
10 Court is to dismiss the action or direct the parties to proceed to arbitration pursuant
11 to their agreement and stay the judicial action.  Dean Witter Reynolds, Inc. v. Byrd,
12 470 U.S. 213, 218 (1983); Sparling v. Hoffman Construction Company, 864 F.635,
13 638 (9th Cir. 1988) (section 3 gives court authority to grant a stay pending
14 arbitration).

15 In short, should the Court decide not to dismiss plaintiff's nine claims for
16 relief as against Darden and Red Lobster, it must, at a minimum, direct the parties to
17 arbitration and stay these claims pending arbitration.

## V. CONCLUSION

19 Plaintiff agreed to arbitrate with Darden and Red Lobster any and all claims
20 arising from his employment pursuant to the fair and reasonable terms contained in
21 the DRP.  The DRP is enforceable because it meets all of the requirements
22 articulated under California law.  For the foregoing reasons, pursuant to the Federal
23 Arbitration Act, Federal Rule of Civil Procedure 12(b)(1), and the relevant
24 authorities, the Court should dismiss plaintiff's claims for relief as against Darden
25 and Red Lobster, or at a minimum, direct the parties to arbitrate them pursuant to the
26 ///
27 ///
28

terms contained in the DRP and stay the judicial action as against Darden and Red Lobster pending completion of the arbitration.

Respectfully submitted,

DATED: September 22, 2008     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /S/ Jack S. Sholkoff
    Jack S. Sholkoff
Attorneys for Defendants
Darden Restaurants, Inc. and GMRI, Inc., dba Red Lobster

15    CASE NO. CV08-06106 JSL (SS)T
DEFENDANTS DARDEN RESTAURANTS, INC. AND RED LOBSTER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR COMPEL ARBITRATION AND STAY OF ACTION

6674675_1