1  JACK S. SHOLKOFF, State Bar No. 145097
   jack.sholkoff@ogletreedeakins.com
2  BETH A. GUNN, State Bar No. 218889
   beth.gunn@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  633 West Fifth Street, 53rd Floor
   Los Angeles, California 90071
5  Telephone:  (213) 239-9800
   Facsimile:   (213) 239-9045
6
7  Attorneys for Defendants
   DARDEN RESTAURANTS, INC. AND
   GRMI, INC., DBA RED LOBSTER
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID W. RUTTER, an individual, | Case No. CV08-06106 JSL (SS) |
| Plaintiff, | **DECLARATION OF JACK S. SHOLKOFF IN SUPPORT OF DEFENDANTS DARDEN RESTAURANTS, INC. AND GMRI, INC.'S, dba RED LOBSTER, MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1); OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND FOR STAY OF ACTION.** |
| v. | |
| DARDEN RESTAURANTS, INC., a Florida corporation; THE RED LOBSTER, a corporation, JANE DIANGE, an individual; JIM MCKEATING, an individual; and DOES 1-100, inclusive, | |
| Defendant. | *Filed Concurrently Herewith:* |
| | ♦ **Notice of Motion** |
| | ♦ **Memorandum of Points of Authorities in Support of Motion to Dismiss; or in the alternative to Compel Arbitration and Stay Action;** |
| | ♦ **Declaration of Alexis Roberts in Support of Motion.** |
| | Date:   October 20, 2008<br>Time:   1:00 p.m.<br>Place:   4 |
| | Trial Date: None. |

CASE NO. CV08-06106 JSL (SS)T
DECLARATION OF JACK S. SHOLKOFF IN SUPPORT OF
DEFENDANT DARDEN RESTAURANTS AND RED LOBSTER'S MOTION TO DISMISS

6674227_1

# **DECLARATION OF JACK S. SHOLKOFF**

I, JACK S. SHOLKOFF, hereby declare:

1. I am an attorney licensed to practice law before the courts of the state of California and the United States District Court for Central District of California. I am a shareholder at Ogletree, Deakins, Nash, Smoak and Stewart, P.C., counsel for defendants in the instant action and have primary responsibility for handling the instant action. I have personal knowledge of the matters contained herein, and if called, I would and could testify competently thereto.

2. On September 17, 2008, my firm filed a Notice of Removal in the above-captioned action, which attached the Complaint in this matter as Exhibit C. Attached hereto as Exhibit "A" is a true and correct copy of the Complaint that was filed as part of the Notice of Removal.

3. Attached hereto as Exhibit "E" are true and correct copies of the Declarations of James V. McKeating and Jane Diange that were filed as part of the Notice of Removal in this action.

4. On August 28, 2008, I contacted Alicia Olivares, counsel for plaintiff. I informed her that my firm would be representing the defendants in this action. I also informed her that plaintiff had signed an arbitration agreement that required him to arbitrate his claims against Darden Restaurants, Inc. and GRMI, Inc. dba Red Lobster. I asked Ms. Olivares whether, in order to avoiding having to seek relief from the Court, she would stipulate to send the matter to arbitration. I also offered to send Ms. Olivares a copy of the arbitration agreement so she could review it before making her decision. She agreed to review the arbitration agreement and contact me. Attached hereto as Exhibit "F" is a true and correct copy of the letter I sent to Ms. Olivares enclosing a copy of the Darden Dispute Resolution Plan, as well as copies of the agreements signed by plaintiff agreeing to arbitrate his employment disputes with Darden and Red Lobster.

5. On September 5, 2008, I received an email from Ms. Olivares indicating

1  that plaintiff would not stipulate to arbitration in this action. A true and correct copy
2  of the email I received from Ms. Olivares is attached hereto as Exhibit "G".

3      6.  On or about September 17, 2008, I called Ms. Olivares twice—once in
4  the morning and once in the afternoon—in a further effort to try and resolve the
5  arbitration issue without judicial intervention. I left her two voice mail messages
6  about our intention to seek judicial relief to enforce plaintiff's arbitration agreement
7  with Darden and Red Lobster. I did not receive any response from Ms. Olivares.

8      7.  On or about September 21, 2008, I visited the website of the American
9  Arbitration Association at adr.org. I reviewed the Employment Arbitration and
10 Mediation Rules. Attached hereto as Exhibit "H" is a true and correct copy of
11 section 12 of the Employment Arbitration and Mediation Rules. This section
12 governs the selection of neutral arbitrators in employment disputes.

13     8.  On or about September 19, 2008, my office received Notice of
14 Acknowledgment and Receipt Forms for Mr. McKeating and Ms. Diange asking that
15 we agree to accept service on their behalves pursuant to California Code of Civil
16 Procedure section 415.30. To date, we have not signed or returned the Notice of
17 Acknowledgement and Receipt forms to plaintiff's counsel.

18 I declare under penalty of perjury under the laws of the United States of
19 America that the foregoing is true and correct.

20 Executed this 22nd of September, 2008 at Los Angeles, California.

/S/ Jack S. Sholkoff
JACK S. SHOLKOFF

2                CASE NO. CV08-06106 JSL (SS)T
DECLARATION OF JACK S. SHOLKOFF IN SUPPORT OF
DEFENDANT DARDEN RESTAURANTS AND RED LOBSTER'S MOTION TO DISMISS

6674227_1