1  JACK S. SHOLKOFF, State Bar No. 145097
   jack.sholkoff@ogletreedeakins.com
2  BETH A. GUNN, State Bar No. 218889
   beth.gunn@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  633 West Fifth Street, 53rd Floor
   Los Angeles, California 90071
5  Telephone:  (213) 239-9800
   Facsimile:  (213) 239-9045
6
   Attorneys for Defendants
7  DARDEN RESTAURANTS, INC.,GRMI, INC.,
   DBA RED LOBSTER, JAMES MCKEATING, AND
8  JANE DIANGE

9              UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 11  DAVID W. RUTTER, an individual, | Case No. CV08-06106 AHM (SSx) |
| 12               Plaintiff, | **DEFENDANTS JAMES MCKEATING AND JANE DIANGE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** |
| 13        v. | |
| 14  DARDEN RESTAURANTS, INC., a Florida corporation; THE RED LOBSTER, a corporation, JANE DIANGE, an individual; JIM MCKEATING, an individual; and DOES 1-100, inclusive, | |
| 15 | |
| 16 | ***Filed Concurrently Herewith:*** |
| 17               Defendant. | ◆ **Notice of Motion and Motion to Dismiss;** |
| 18 | |
| 19 | ◆ **Declaration of Jack Sholkoff in Support of Motion.** |
| 20 | Date:       October 20, 2008 |
| 21 | Time:       10:00 a.m. |
| | Place:      Courtroom 14 |
| 22 | Trial Date:  None. |

23
24
25
26
27
28

CASE NO. CV08-06106 AHM (SSx)

6688811_2.DOC

DEFENDANTS MCKEATING AND DIANGE'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This proceeding concerns plaintiff David Rutter's ("plaintiff") two claims for relief against two individual defendants employed by his former employer.  Plaintiff brings claims against (1) his former supervisor, James McKeating ("McKeating;" sued as "Jim McKeating"), and (2) Senior Vice President of Human Resources, Jane Diange ("Diange") (collectively, "the Individual Defendants").  Yet, both of plaintiff's claims for relief—his Second Claim for Relief for retaliation in violation of the California Family Rights Act ("CFRA") and his Ninth Claim for Relief for intentional infliction of emotional distress – fail as a matter of law.

First, plaintiff's Second Claim for Relief against the Individual Defendants fails because it seeks to hold the Individual Defendants liable for allegedly retaliating against him because he exercised rights under the California Family Rights Act (Government Code section 12945.2 ("CFRA")).  Yet, it is well established that only employers—and not individual employees—can be held liable for violations of CFRA.

Second, plaintiff's Ninth Claim for Relief for intentional infliction of emotional distress fails as against the Individual Defendants because these claims, according to the Complaint, arise from personnel management actions (i.e., failing to provide him with CFRA leave and terminating his employment) taken by the Individual Defendants.  It is well established that individual employees cannot be held liable for intentional infliction of emotional distress under these circumstances; personnel management decisions, regardless of the motives surrounding them, are inherently not "outrageous" and thus cannot, as a matter of law, support a claim for intentional infliction of emotional distress.

Accordingly, the Court should dismiss plaintiff's Second and Ninth Claims for Relief as against McKeating and Diange with prejudice pursuant to Federal Rule of

6688811_2.DOC

Civil Procedure ("FRCP") 12(b)(6).

## II.   STATEMENT OF FACTS[1]

1.     Plaintiff alleges that, at all relevant times, Diange was employed by his alleged employer, Red Lobster, as Senior Vice President of Human Resources and that McKeating was employed by Red Lobster as Senior Vice President of Operations.  McKeating served as plaintiff's supervisor.  (Complaint, ¶¶ 5, 6).

2.     Plaintiff alleges that he was jointly employed by defendants Darden Restaurants, Inc. and The Red Lobster; he does not allege that he was employed by the Individual Defendants (Complaint, ¶ 4).

3.     In his Second Claim for Relief, plaintiff alleges that the Individual Defendants violated CFRA (as codified in California Government Code Section 12945.2) because, according to plaintiff, (1) "Defendants are employers covered by CFRA;" and (2) "Plaintiff was terminated because he exercised his rights to CFRA leave."  (Complaint, 6:2-6; ¶¶ 33, 36).

4.     In his Ninth Claim for Relief, plaintiff alleges that the Individual Defendants (and the corporate defendants) intentionally inflicted emotional distress against him by (1) failing to provide plaintiff with a leave for his medical condition and (2) terminating plaintiff's employment (Complaint, 15:14-17; ¶¶ 108-111).

5.     Plaintiff seeks a variety of damages against the Individual Defendants as a result of his allegations contained in the Second and Ninth Claims for Relief (Complaint, ¶¶ 37-40, 113-115).

---

[1]     Because this is a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take as true, for purposes of this proceeding only, the allegations contained in the Complaint.  Hurlic v. Southern California Gas Co., 539 F.3d 1024, 1028 (9th Cir. 2008).  Defendants respectfully request that the Court take judicial notice of plaintiff's Complaint pursuant to Federal Rules of Evidence, Rule 201.  A copy of plaintiff's Complaint on file with the Court is attached hereto as Exhibit "A" for the Court's convenience.

2                          CASE NO. CV08-06106 AHM (SSx)

**III.    THE COURT SHOULD DISMISS PLAINTIFF'S SECOND AND NINTH CAUSES OF ACTION WITHOUT LEAVE TO AMEND BECAUSE THEY FAIL, AS A MATTER OF LAW, TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff's Second Claim for Relief fails state a claim upon which relief can be granted because individuals, as opposed to employers, cannot be held liable for retaliation under CFRA. Miskuski v. Crescent Heights of America, Inc., 2007 U.S. Dist. LEXIS 37223 *14-15 (S.D. Cal., May 21, 2007) (concluding, after review of the statutory language, that "[p]laintiff's CFRA retaliation claim is governed by section 12945.2(l), which does not provide for individual supervisor liability"). Next, plaintiff's Ninth Claim for Relief fails because individuals cannot be held liable for intentional infliction of emotional distress when, as here, their alleged misconduct arises from their personnel management decisions (i.e., the termination of plaintiff's employment). Janken v. GM Hughes Electronics, 46 Cal.App.55, 80 (1996). Accordingly, because "plaintiff can prove no set of facts in support of the claim which would entitle him to relief", the Court should dismiss his Second and Ninth Claims for Relief as against the Individual Defendants pursuant to FRCP 12(b)(6). Hurlick, 539 F.3d, at 1028.

**A.    The Court Should Dismiss Plaintiff's Claim for CFRA Retaliation Against The Individual Defendants Because CFRA Does Not Authorize Claims Against Individual Supervisors.**

Plaintiff alleges, in his Second Claim for Relief, that "Defendants are employers covered by CFRA," and "Plaintiff was terminated because he exercised his rights to CFRA leave." (Complaint, ¶¶ 33, 36). Plaintiff then asserts that because his employer terminated his employment, the Individual Defendants also somehow violated CFRA and specifically the provisions of California Government Code section 12945.2(1). Section 12945.2(l) provides that:

> It shall be an unlawful employment practice for **an employer** to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following: (1) An individual's exercise

6688811_2.DOC

1   of the right to family care and medical leave provided by subdivision

2   (a)."[2]  Cal. Gov't. Code § 12945.2(l)(1)(a).

3   Yet, even if plaintiff's allegations are true, his Second Claim for Relief against the

4   Individual Defendants is still fatally flawed:  Government Code section 12945.2(l)(1)

5   only applies to employers as defined under CFRA.  See Dudley v. Dep't of

6   Transportation, 90 Cal.App.4th 255, 261 (2001) (stating the essential elements of a

7   CFRA retaliation claim).  CFRA provides an explicit definition of the word

8   "employer," stating that "[e]mployer" means "[a]ny person who directly employs 50

9   or more persons to perform services for a wage or salary."  Cal. Gov't. Code §

10  12945.2(c)(2)(A).  CFRA does not apply to individual employees, even if they are

11  acting in a supervisorial capacity.  Thus, plaintiff cannot, as a matter of law, state a

12  valid claim against the Individual Defendants for violating CFRA.

13      Several cases demonstrate the point.  For example, in Miskuski v. Crescent

14  Heights of America, Inc., 2007 U.S. Dist. LEXIS 37223 *14-15 (S.D. Cal., May 21,

15  2007), a case on all fours with the instant action, the Court granted a Motion for

16  Judgment on the Pleadings by individual defendants, holding that CFRA did not

17  impose individual liability upon supervisors for retaliation.  Moreover, the Court

18  rejected the plaintiff's reliance upon the same regulation—2 Cal.Code Regs.

19  §7297.7—cited by plaintiff in his complaint (Complaint, ¶ 31).  The Court stated in

20  relevant part:

21      "The CFRA defines an "Employer" as "Any person who directly

22      employs 50 or more persons to perform services for a wage or salary."

23      Cal. Gov't Code § 12945.2(c)(2)(A).  **Under the plain meaning of**

24      **the statute, individual supervisors cannot be sued for retaliation**

25      **under the CFRA.**

26                          *****

27

28  [2]  All emphasis herein is added unless otherwise stated.

1      "Plaintiff points out that a regulation promulgated by the FEHC

2      indicates that individual supervisors can be held liable for retaliation

3      under the CFRA . . . . Cal. Code Regs. Tit. 2, § 7297.7. . . . Courts

4      "assign great weight to the interpretations an administrative agency

5      like the FEHC gives to the statutes under which it operates, although

6      ultimately statutory interpretation is a question of law the courts must

7      resolve." <u>Reno v. Baird</u>, 18 Cal. 4th 640, 660(1998). **The FEHC**

8      **regulation cannot counteract the clear language of the statute,**

9      **which limits liability for retaliation under the CFRA to**

10     **employers.**

11                         \*\*\*\*\*

12     "Respecting these principles, the Court determines that Plaintiff's

13     CFRA retaliation claim is governed by section 12945.2(l), **which**

14     **does not provide for individual supervisor liability**. Therefore,

15     judgment on the pleadings is granted in favor of Defendants on this

16     claim."

17   <u>Miskuski</u>, 2007 U.S.Dist.LEXIS, at \*14-\*16.

18      The Court came to the same conclusion in <u>Bedwell v. Fish & Richardson,</u>

19   2008 U.S. Dist. LEXIS 60345 \*7-9 (S.D. Cal., Aug. 6, 2008).  In that case, the

20   plaintiff alleged that several individual employees, including her supervisor, had

21   terminated her because she had exercised her CFRA rights.  **The Court granted the**

22   **individual defendants' Motion to Dismiss pursuant to FRCP 12(b)(6), holding**

23   **that individual employees cannot be held personally liable under CFRA**.  The

24   Court stated:

25      "The California Family Rights Act is codified at California

26      Government Code section 12945.2. **The California Supreme Court**

27      **has ruled that the Fair Employment and Housing Act, of which**

28

1  **the CFRA is part, does not impose individual liability on**

2  **managers and supervisors, who are not direct 'employers.'** See

3  Jones v. The Lodge at Torrey Pines Partnership, 42 Cal. 4th 1158,

4  1173 (2008); Reno, 18 Cal. 4th, at 663.

5  Bedwell, 2008 U.S. Dist. LEXIS, at *8; see also McLaughlin v. Solano County, 2008

6  WL 2977959 *3 (E.D. Cal., July 28, 2008) (slip copy) (stating that, "[u]nder the

7  CFRA, individual supervisors may not be sued"); Jones, 42 Cal.4th, at 1163-64

8  (holding that individuals do not bear liability for retaliation pursuant to the Fair

9  Employment and Housing Act).[3]

10      Individuals cannot be held personally liable pursuant to CFRA. McKeating

11  and Diange, therefore, who are individuals and not employers (Complaint, ¶ 5-6)

12  cannot be held personally liable pursuant to CFRA. Because there is no statutory

13  basis for plaintiff's Second Claim for Relief as to the Individual Defendants, it is

14  impossible for plaintiff to allege sufficient facts to support a claim against them.

15  Thus, the Second Claim for Relief as to the individual defendants must be dismissed

16  pursuant to FRCP 12(b)(6).

17  **B.   The Court Should Dismiss Plaintiff's Ninth Claim for Relief for**

18  **Intentional Infliction of Emotional Distress Against The Individual Defendants Because Individual Supervisors Cannot Be Held**

19  **Personally Liable For Personnel Management Decisions.**

20      To state a claim for intentional infliction of emotional distress, plaintiff must

21  allege conduct by the Individual Defendants that is "so extreme and outrageous 'as to

22  go beyond all possible bounds of decency, and to be regarded as atrocious, and

23  utterly intolerable in a civilized society.'" Alcorn v. Anbro Engineering, Inc., 2

24  Cal.3d 493, 499 (1970). Plaintiff attempts to meet this standard by alleging that the

25  Individual Defendants failed to provide him with a leave for his medical condition

26      [3] FEHA is codified at Cal. Gov't Code sections 12900 through 12996, which includes CFRA (sections 12945.1 and 12945.2). See Tomlinson v. Qualcomm, Inc.,

27  97 Cal.App.4th 934, 940 fn 5 (1993) (stating that FEHA encompasses the provisions of CFRA); McLaughlin v. Solano County, 2008 WL 2977959 at *3,fn 2 (finding that

28  "CFRA is a portion of FEHA").

6688811_2.DOC

1 and terminated him allegedly for improper motives. (Complaint, ¶¶ 108-111).  This
2 is insufficient as a matter of law; accordingly, plaintiff's Ninth Claim for Relief
3 should be dismissed pursuant to FRCP 12(b)(6) as against the Individual Defendants.

4    The motives of the Individual Defendants are irrelevant.  What is important is
5 their alleged actions, and these actions fail to provide the basis to support a claim for
6 intentional infliction of emotional distress.  Plaintiff alleges that the Individual
7 Defendants terminated him and failed to grant him CFRA leave; in other words, that
8 the Individual Defendants engaged in allegedly objectionable or improper personnel
9 management decisions toward him.  It is, however, well established that personnel
10 management decisions—such as decisions to grant leave or terminate an employee's
11 employment—cannot, as a matter of law, form the basis of an intentional infliction
12 of emotional distress claim.  See Janken v. GM Hughes Electronics, 46 Cal.App.4th
13 55, 80 (1996) ("Janken") (because managing personnel is "conduct essential to the
14 welfare and prosperity of society," "[a] simple pleading of personnel management
15 activity is insufficient to support a claim of intentional infliction of emotional
16 distress, even if improper motivation is alleged").

17    In Janken, the court elaborated on the types of activity considered to be
18 personnel management actions that could not form the basis of liability for individual
19 supervisory employees.  Specifically, the court stated that:

20    "The Legislature intended that commonly necessary personnel
21    management actions such as hiring and firing, job or project
22    assignments, office or work station assignments, promotion or
23    demotion, performance evaluations, the provision of support, the
24    assignment or nonassignment of supervisory functions, deciding who
25    will and who will not attend meetings, deciding who will be laid off,
26    and the like…are actions of a type necessary to carry out the duties of
27    business and personnel management.  Id. at 63-65 (later adopted by

28

1     <u>Reno</u>, 18 Cal.App.4th at 646-647).

2        Here, the Complaint alleges that the intentional infliction of emotional distress

3 claim arises from activity that falls squarely within the realm of "commonly

4 necessary personnel management actions" as outlined in <u>Janken</u> – the decision

5 regarding the granting of a medical leave of absence to plaintiff, and the decision to

6 terminate plaintiff's employment. Because plaintiff has not alleged any facts

7 regarding impermissible non-personnel management activity by either McKeating or

8 Diange, plaintiff's allegations are, as a matter of law, insufficient to state a claim for

9 intentional infliction of emotional distress. <u>See</u> <u>Miskuski v. Crescent Heights of</u>

10 <u>America, Inc.</u>, 2007 U.S. Dist. LEXIS 37223 at *17-18 .

11        In fact, the Court in <u>Miskuski</u>, in addition to rejecting the plaintiff's CFRA

12 claim, also directly held that an intentional infliction of emotional distress claim

13 could not proceed against individual defendants in circumstances almost identical to

14 the instant action. As explained <u>supra</u>, in <u>Miskuski</u>, the plaintiff was terminated after

15 taking a medical leave pursuant to CFRA, and upon her return, was replaced,

16 demoted, and eventually terminated. <u>Id.</u> at *2-4. She sued her employer, and

17 included her individual supervisors as defendants in her intentional infliction of

18 emotional distress claim. <u>Id.</u> at *7. The plaintiff alleged that one of the individual

19 defendants publicly humiliated her by walking through departments where she had

20 acted as manager and loudly pointed out the empty cubicles where she might sit in

21 her demoted capacity. <u>Id.</u> at *4. However, the court determined that the allegations

22 in the complaint comprised only personnel management activity, and could not form

23 the basis of individual liability against supervisory employees. <u>Id.</u> at *17-19. As a

24 result, the court dismissed plaintiff's intentional infliction of emotional distress claim

25 against the individual defendants. <u>Id.</u> at *19 (granting defendant's FRCP 12(b)(6)

26 motion to dismiss).

27       The same result should occur here. Plaintiff has not alleged, and cannot

28

6688811_2.DOC

1  allege, any facts in his Complaint to imply that either of the individual defendants
2  acted outside the scope of personnel management activity.  As a result, he has failed
3  to state facts sufficient to state a claim capable of relief.  Accordingly, the instant
4  FRCP 12(b)(6) motion should be granted.

5  **IV.   CONCLUSION**

6          Because plaintiff has failed to state a claim upon which relief can be granted
7  as against either McKeating or Diange, the Court should grant McKeating's and
8  Diange's Motion to Dismiss, and dismiss both McKeating and Diange with prejudice
9  from the instant lawsuit.

10

11                                             Respectfully submitted,

12

13  DATED:  September 29, 2008            OGLETREE, DEAKINS, NASH,
                                          SMOAK & STEWART, P.C.

14

15                                        By:  /S/ Beth A. Gunn

16                                             Beth A. Gunn
                                               Attorneys for Defendants
17                                             DARDEN RESTAURANTS, INC.,
                                               GRMI, INC., DBA RED LOBSTER,
18                                             JAMES MCKEATING, AND
                                               JANE DIANGE
19

20

21

22

23

24

25

26

27

28
                                    9
                                                   CASE NO. CV08-06106 AHM (SSx)

6688811_2.DOC

# EXHIBIT A

Case 2:08-cv-06106-AHM-SS    Document 1    Filed 09/17/2008    Page 9 of 51

SUMMONS                                                                                    SUM-100
(CITACIÓN JUDICIAL) **COPY**

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>DARDEN RESTAURANTS, INC., A Florida Corporation;<br>THE RED LOBSTER, a Corporation;<br>JANE DIANGE, an individual;<br>JIM MCKEATING, an individual;<br>and DOES 1 through 100, Inclusive. | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>AUG 0 5 2008<br><br>John A. Clarke, Executive Officer/Clerk<br><br>BY SHAUNYA WESLEY, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID W. RUTTER, an individual.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | CASE NUMBER:<br>*(Número del Caso):*<br>**BC395990** |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>111 N. HILL STREET<br>111 N. HILL STREET<br>LOS ANGELES, CA 90012<br>CENTRAL DISTRICT | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE FELDMAN LAW FIRM                                          T 310-552-7812   F 310-552-7814
A Professional Corporation
10100 Santa Monica Blvd., Suite 2490
Los Angeles, CA 90067

DATE:  AUG 0 5 2008          JOHN A. CLARKE, CLERK          Clerk, by S. WESLEY , Deputy
*(Fecha)*                    *(Secretario)*                                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                                        Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** |

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit ___A___, Page ___8___

Exhibit ___A___, Page ___10___

# Corporate Creations®

Registered Agent • Director • Incorporation Services
11380 Prosperity Farms Road #221E
Palm Beach Gardens FL 33410

Tel  (561) 694-8107
Fax  (561) 694-1639
August 19, 2008

GMRI, Inc.
Jeannine Wysokowski Executive Secretary
Darden Restaurants, Inc.
5900 Lake Ellenor Drive
ORLANDO  FL  32809

## SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

| | | |
|---|---|---|
| 1. | Client Entity: | GMRI, Inc. |
| 2. | Title of Action: | David W. Rutter vs. Darden Restaurants, Inc., The Red Lobster |
| 3. | Document(s) Served: | Summons |
| | | Complaint For Damages |
| 4. | Court/Agency: | Los Angeles County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | BC 395990 |
| 7. | Lawsuit Type: | Wrongful Termination |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | 8/18/2008 |
| 10. | Date to Client: | 8/19/2008 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>09/17/08 | **CAUTION:** Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 12. | Plaintiff's Attorney:<br>(Name, City and Phone Number) | Alicia Olivares<br>Los Angeles, CA<br>(310) 552-7812 |
| 13. | Shipped By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Notes: | None. |

THIS NOTICE IS PROVIDED FOR GENERAL INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED A LEGAL OPINION. IT IS YOUR RESPONSIBILITY TO REVIEW THE DOCUMENT(S) FORWARDED AND TO CONTACT YOUR LAWYER TO TAKE APPROPRIATE ACTION. REGISTERED AGENT SERVICES ARE PROVIDED BY CORPORATE CREATIONS NETWORK INC.

Exhibit ___A___, Page___9___

Exhibit ___A___, Page___11___

COPY

THE FELDMAN LAW FIRM
A Professional Law Corporation
ALICIA OLIVARES (SBN 181412)
alicia@leefeldmanlaw.com
JOHN F. JUENGER (SBN 225201)
jjuenger@leefeldmanlaw.com
10100 Santa Monica Blvd., Suite 2490
Los Angeles, California 90067
Phone: (310) 552-7812
Fax: (310) 552-7814

Attorneys for Plaintiff,
DAVID W. RUTTER

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 0 8 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - CENTRAL DISTRICT

BC 395990

| | |
|---|---|
| DAVID W. RUTTER, an individual, | CASE NO. |
| Plaintiff, | *UNLIMITED JURISDICTION* |
| vs. | COMPLAINT FOR DAMAGES FOR: |
| DARDEN RESTAURANTS, INC., a Florida Corporation; THE RED LOBSTER, a Corporation; JANE DIANGE, an individual; JIM MCKEATING, an individual; And DOES 1 through 100, Inclusive. | 1. **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT, GOV. CODE § 12945.2;** |
| Defendants. | 2. **RETALIATION FOR EXERCISING RIGHTS UNDER CFRA;** |
| | 3. **DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF GOV. CODE § 12940(a);** |
| | 4. **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF GOV. CODE § 12940(m);** |
| | 5. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF GOV. CODE § 12940(n);** |
| | 6. **RETALIATION FOR EXERCISING RIGHTS UNDER THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| | 7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | 8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (LABOR CODE § 132(a))** |
| | 9. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | **DEMAND FOR A JURY TRIAL** |

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

1

COMPLAINT FOR DAMAGES

Exhibit ___A___ , Page ___10___

Exhibit ___A___ , Page ___12___

COMES NOW, Plaintiff DAVID W. RUTTER (hereinafter "Plaintiff"), who alleges against Defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff is, and at all times herein mentioned was, an individual residing in Kern County in the State of California. Plaintiff was employed by Defendant DARDEN RESTAURANTS, INC. from May 29, 1006 to on or around April 2, 2008 as a Director of Operations.  Plaintiff was employed by defendants to supervise and operate restaurants throughout Los Angeles County.

2.    DARDEN RESTAURANTS, INC. is and at all times relevant hereto a corporation incorporated in the State of Florida.  DARDEN RESTAURANTS, INC. is duly licensed to do business within the state of California, and at all times hereinafter mentioned, is an employer who owns and operates restaurant establishments throughout the State of California, and whose employees are engaged throughout this county and the state of California.

3.    THE RED LOBSTER is and at all times relevant hereto a corporation incorporated in the State of Florida.  THE RED LOBSTER is duly licensed to do business within the state of California, and at all times hereinafter mentioned, is an employer who owns and operates restaurant establishments throughout the State of California, and whose employees are engaged throughout this county and the state of California.

4.    For the duration of Plaintiff's employment, Plaintiff was jointly employed by DARDEN RESTAURANTS, INC. and THE RED LOBSTER (hereinafter collectively referred to as "DARDEN RESTAURANTS") and DOES 1 through 100, Inclusive, are the joint employers of Plaintiff, and at all relevant times herein jointly employed all individual defendants named in the Complaint.

5.    Defendant, JANE DIANGE (hereinafter "DIANGE"), is, and at all times herein mentioned was, an individual and resident of the State of California. At all times mentioned herein, DIANGE was employed by defendants in a managerial capacity as the Senior Vice President of Human Resources.

6.    Defendant, JIM MCKEATING (hereinafter "MCKEATING"), is, and at all times herein mentioned was, an individual and resident of the State of California.  At all times mentioned

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit ___A___, Page __11__

Exhibit ___A___, Page __13__

1   herein, DIANGE was employed by defendants in a managerial capacity as the Senior Vice President

2   of Operations, and was Plaintiff's direct supervisor.

3        7.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

4   DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names,

5   Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

7   is responsible as hereinafter shown for the occurrences and injuries to Plaintiff as herein alleged.

8        8.    Plaintiff is informed, believes, and alleges that, at all times herein mentioned,

9   Defendants, and each of them, were the agents of each of the other defendants, and in doing the

10   things hereinafter alleged, were acting within the course and scope of such agency and with the

11   permission and consent of their co-defendants.

12   **VENUE AND JURISDICTION**

13        9.    Venue is proper under Government Code Section 12965(b) and Code of Civil

14   Procedure Section 395 in that Plaintiff's injuries were incurred within this jurisdiction, and the

15   actions that give rise to Plaintiff's complaint arose within this jurisdiction.

16   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17        10.    Plaintiff exhausted his administrative remedies by filing a complaint against each of

18   the named defendants herein with the California Department of Fair Employment and Housing

19   (hereinafter "DFEH") within one year from the date of Defendants' last adverse employment action,

20   and thereafter receiving "Right-to-Sue" letters from the DFEH.

21   **FIRST CAUSE OF ACTION**

22   **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT,**

23   **GOV. CODE § 12945.2**

24   **(As against Defendants DARDEN RESTAURANTS and DOES 1 through 100, inclusive)**

25        11.    Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-10,

26   inclusive, above, as though fully set forth in this cause of action.

27        12.    Defendants DARDEN RESTAURANTS and Does 1 through 100, inclusive

28   ("hereinafter collectively referred to as "Defendants"), are employers within the meaning of and

3

**COMPLAINT FOR DAMAGES**

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit _____A_____, Page____12____

Exhibit _____A_____, Page____14

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

subject to Government Code § 12945.2, commonly known as the California Family Rights Act (hereinafter "CFRA") in that defendants, and each of them, are engaged in commerce or an industry or activity affecting commerce, and employ 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

13.     Plaintiff was employed by Defendants from in or around May 29, 1996 to on or around April 2, 2008. At the time of Plaintiff's termination, Plaintiff was employed by defendants for more than 12 months; worked at least 1,250 hours during the previous 12 months, and was employed at a worksite where 50 or more employees were employed by Defendants, and each of them, within 75 miles of that worksite.

14.     In approximately December 2006, Plaintiff sustained an industrial injury that caused him to sustain a serious health condition, as defined under Government Code § 12945.2, for which he required surgery in March 2007 and, which necessitated that he take time off work beginning in March 2007.

15.     Plaintiff provided information to defendants regarding his medical condition and his need for time off work sufficient to put Defendants on notice that Plaintiff was eligible and qualified for leave under CFRA.

16.     Plaintiff further provided notice to Defendants of his need for additional leave for future surgeries necessitated to alleviate his serious health condition.

17.     An employee is entitled to leave of absence under CFRA because of a serious health condition of the employee.

18.     It is an unlawful employment practice for defendants, and each of them, to violate an employee's rights under CFRA. Gov. Code § 12945.2(a). In addition, an employer may not discriminate and/or discharge an employee for exercising any right under CFRA. Gov. Code § 12940(b) and 2 Cal. Code of Regulations § 7297.7.

19.     Defendants failed to provide the benefits afforded to Plaintiff under the CFRA and terminated Plaintiff's employment in whole or in part because he requested and/or used CFRA leave.

20.     In terminating Plaintiff's employment and retaliating against Plaintiff because he exercised his rights under CFRA, Defendants, and each of them, violated Government Code section

4

**COMPLAINT FOR DAMAGES**

Exhibit _____A_____, Page___13___

Exhibit _____A_____, Page___15___

1   12945.2 and the corresponding California Regulations, including, without limitation, 7297.1, et seq.

2        21.   Defendants, and each of them, failed to comply with the CFRA in that, among other

3   things, Defendants, and each of them, (a) discouraged Plaintiff from taking leave; (b) repeatedly

4   interfered with Plaintiff's leave while he was taking leave; (c) discouraged Plaintiff from continuing

5   his leave (d) never notified Plaintiff of his rights under the law and the actual amount of CRFA leave

6   available (e) terminated Plaintiff's employment because he took CFRA leave.

7        22.   At the conclusion of a CFRA leave, an employer must reinstate an employee to the

8   same or equivalent job. Gov. Code § 12945.2(a), 2 Cal. C. Regs. § 7297.2(a),(c).

9        23.   At the conclusion of Plaintiff's CFRA leave, Defendants failed to reinstate him to his

10   position supervising Red Lobster restaurants in Los Angeles County.

11       24.   As a direct and proximate result of the acts of Defendants, and each of them, as

12   alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other

13   economic damages, and has necessarily expended sums in the treatment of physical and mental

14   injuries, in an amount to be ascertained at the time of trial.

15       25.   As a direct and proximate result of the acts of Defendants, and each of them, as

16   alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the

17   physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in

18   an amount to be ascertained at the time of trial.

19       26.   As a direct and proximate result of the acts of Defendants, and each of them, as

20   alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and

21   nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

22       27.   As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff

23   has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be

24   proven at the time of trial. Pursuant to the provisions of California Government Code Section 12965

25   (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

26       28.   The above-described acts of Defendants, and each of them, were willful, intentional

27   and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition

28   of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter

5

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit ___A___, Page ___14___

others from engaging in similar conduct.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT,

## GOV. CODE § 12945.2

### (As against All Defendants)

29.   Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-28, inclusive, above, as though fully set forth in this cause of action.

30.   It is an unlawful employment practice for a covered employer to violate an employee's rights under the CFRA. Gov. Code § 12945.2(a).

31.   In addition to the retaliation prohibited by Government Code section 12940, subdivision (f), it is unlawful "for any person to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual, except as otherwise permitted by this subchapter, because that individual has: (a) exercised his or her rights to CFRA leave, and/or (b) given information or testimony regarding his or her CFRA leave, or another person's CFRA leave, in any inquiry or proceeding related to any right guaranteed under this subchapter." Cal. Code of Regs. § 7297.7.

32.   An employee who takes CFRA leave is guaranteed that taking leave will not result in a loss of job security or in other adverse employment actions. *Neisendorf v. Levi Strauss & Co.* (2006) 143 Cal. App. 4th 509, 517.

33.   Defendants are employers covered by CFRA.

34.   At all relevant times herein, Plaintiff was an employee eligible to take CFRA leave.

35.   Beginning in March 2007, Plaintiff exercised his right to take leave for a qualifying CFRA purpose.

36.   Plaintiff was terminated because he exercised his rights to CFRA leave.

37.   As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

6

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

38.     As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

39.     As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be proven at the time of trial.  Pursuant to the provisions of California Government Code Section 12965 (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

40.     The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

### THIRD CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF DISABILITY

### IN VIOLATION OF GOV. CODE § 12940(a)

(As against Defendants DARDEN RESTAURANTS and DOES 1 through 100, inclusive)

41.     Plaintiff repeats, repleads and incorporates by this reference paragraphs 1 through 40, inclusive, as though fully set forth in this cause of action.

42.     Defendants are employers as defined by Government Code section 12940, et. seq.

43.     At all relevant times herein, Plaintiff was an individual with a disability as defined by the California Fair Employment and Housing Act (hereinafter "FEHA").

44.     At all relevant times herein, Plaintiff was perceived by Defendants, and each of them, as having a disability as defined by FEHA.

45.     For the duration of his employment, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

46.     FEHA requires an employer to make reasonable accommodations for the disability of employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations.  Gov. Code § 12940(m).  A finite leave of absence

7

**COMPLAINT FOR DAMAGES**

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

constitutes a reasonable accommodation under FEHA for a disabled employee who needs time to recuperate or heal where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future.

47.   As a result of his disability, Plaintiff was in need of a reasonable accommodation, namely, reasonable time off work to recuperate and heal from the symptoms associated with his disability after March 2007, and modified or light duty work.

48.   FEHA makes it an unlawful employment practice to discharge an employee from employment because of the employee's disability or to discriminate against the person in compensation or in the terms, conditions or privileges of employment. Gov. Code § 12940(a), (c).

49.   In violation of FEHA, Defendants terminated Plaintiff because of his disability and need for accommodation.

50.   As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

51.   As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

52.   As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

53.   As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code Section 12965 (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

54.   The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition

8

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

## FOURTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY

### IN VIOLATION OF GOV. CODE § 12940(m)

(As against Defendants DARDEN RESTAURANTS and DOES 1 through 100, inclusive)

55.     Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-54, inclusive, above, as though fully set forth in this cause of action.

56.     Defendants, and each of them, are employers within the meaning of and subject to California Gov. Code § 12940, et. seq.

57.     At all relevant times herein, Plaintiff was an individual with a disability as defined by FEHA.

58.     At all relevant times herein, Plaintiff was perceived by Defendants, and each of them, as having a disability as defined by FEHA.

59.     FEHA requires an employer to make reasonable accommodations for the disability of employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations.  Gov. Code § 12940(m).  A finite leave of absence constitutes a reasonable accommodation under FEHA for a disabled employee who needs time to recuperate or heal where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future.

60.     As a result of his disability, Plaintiff was in need of a reasonable accommodation, namely, reasonable time off work to recuperate and heal from the symptoms associated with his disability after March2 2007, and modified or light duty work.

61.     Prior to his termination, Plaintiff notified Defendants that he was suffering from symptoms associated with his disability and was in need of reasonable accommodations.

62.     Defendants, and each of them, failed and refused to grant reasonable accommodations, as required by law, to Plaintiff, and instead terminated his employment.

63.     From the date Plaintiff was hired through his date of termination, he was able to

9

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit ___A___, Page___18___

Exhibit ___A___, Page___20___

1   perform the essential functions of his job with or without a reasonable accommodation, and he

2   performed competently and capably.

3       64.   As a direct and proximate result of the acts of Defendants, and each of them, as

4   alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other

5   economic damages, and has necessarily expended sums in the treatment of physical and mental

6   injuries, in an amount to be ascertained at the time of trial.

7       65.   As a direct and proximate result of the acts of Defendants, and each of them, as

8   alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the

9   physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in

10   an amount to be ascertained at the time of trial.

11       66.   As a direct and proximate result of the acts of Defendants, and each of them, as

12   alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and

13   nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

14       67.   As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff

15   has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be

16   proven at the time of trial.  Pursuant to the provisions of California Government Code Section 12965

17   (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

18       68.   The above-described acts of Defendants, and each of them, were willful, intentional

19   and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition

20   of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter

21   others from engaging in similar conduct.

22                           **FIFTH CAUSE OF ACTION**

23             **FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

24   (As Against Defendants DARDEN RESTAURANTS and DOES 1 through 100, Inclusive)

25       69.   Plaintiff repeats, repleads, and incorporates by this reference paragraphs 1 through

26   68, inclusive, above, as though fully set forth in this cause of action, and further alleges as follows.

27       70.   Defendants, and each of them, are employers within the meaning of and subject to

28   California Gov. Code § 12940.

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit ___A___, Page___19___

Exhibit ___A___, Page___21___

71.  At all relevant times, Plaintiff was an individual with a disability as defined by Government Code §12940.

72.  At all relevant times, Defendants perceived Plaintiff to be an individual with a disability.

73.  Pursuant to Gov. Code § 12940(n), an employer must engage in a "timely, good faith interactive process" in response to a request for a reasonable accommodation by an employee with a known disability or known medical condition.

74.  Govt. Code §12940(n), requires employers to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations if an employee with a known disability so requests.  The interactive process is the key mechanism for facilitating the integration of disabled employees in the workplace and liability may be imposed on the employer for failing to engage in this process

75.  Plaintiff gave notice to Defendants that he had a disability and required reasonable accommodations.

76.  Despite having notice of Plaintiff's disability and his need for accommodation, Defendants, and each of them, by and through their agents and employees, engaged in an unlawful employment practice when they failed and refused to engage in the interactive process, in violation of the Fair Employment and Housing Act.

77.  As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

78.  As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

79.  As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit ___A___, Page__20__

Exhibit ___A___, Page__22__

proven at the time of trial. Pursuant to the provisions of California Government Code Section 12965

(b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

80. The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

## SIXTH CAUSE OF ACTION

## RETALIATION FOR EXERCISING RIGHTS UNDER

## THE FAIR EMPLOYMENT AND HOUSING ACT

### (As Against Defendants DARDEN RESTAURANTS and DOES 1 through 100, Inclusive)

81. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-80, inclusive, above, as though fully set forth in this cause of action.

82. In exercising his rights under FEHA, Plaintiff engaged in legally protected activity.

83. In California, an employer and/or any person may not interfere with or retaliate against an employee for exercising any right under the Fair Employment and Housing Act.

84. Defendants, and each of them, terminated Plaintiff's employment in retaliation for exercising his rights under FEHA, although Defendants were aware that Plaintiff was suffering from a serious health condition/disability.

85. Plaintiff's termination constituted an adverse employment action.

86. As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

87. As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

88. As a direct and proximate result of the acts of Defendants, and each of them, as

12

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

1    alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and
2    nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

3         89.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff
4    has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be
5    proven at the time of trial.  Pursuant to the provisions of California Government Code Section 12965
6    (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

7         90.    The above-described acts of Defendants, and each of them, were willful, intentional
8    and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition
9    of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter
10   others from engaging in similar conduct.

11                          **SEVENTH CAUSE OF ACTION**
12         **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
13        (As against Defendants DARDEN RESTAURANTS and DOES 1 through 100, inclusive)

14        91.    Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-90,
15   inclusive, above, as though fully set forth in this cause of action.

16        92.    The above-described conduct by Defendants, and each of them, was against the public
17   policy of the State of California as evidenced by the enactment of FEHA (Government Code §
18   12900, et seq.) and CFRA.

19        93.    In terminating Plaintiff's employment and retaliating against Plaintiff because he
20   exercised his rights under FEHA and CFRA, Defendants, and each of them, violated Government
21   Code sections 12940, 12945.2 and the corresponding California Regulations, including, without
22   limitation, 7297.1, et seq.

23        94.    As a direct and proximate result of the acts of Defendants, and each of them, as
24   alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other
25   economic damages, and has necessarily expended sums in the treatment of physical and mental
26   injuries, in an amount to be ascertained at the time of trial.

27        95.    As a direct and proximate result of the acts of Defendants, and each of them, as
28   alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit ___*A*___ , Page ___*22*___

Exhibit ___*A*___ , Page ___*24*___

physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

96.     As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

97.     The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (LABOR CODE § 132(a))

(As against Defendants DARDEN RESTAURANTS and DOES 1 through 100, inclusive)

98.     Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-97, inclusive, above, as though fully set forth in this cause of action.

99.     Prior to his termination, Plaintiff suffered work-related injuries for which he required medical treatment.

100.    Plaintiff notified Defendants of his medical condition and inability to perform the duties of his position for finite periods of time.

101.    Plaintiff is informed and believes and thereon alleges that he was terminated because he injured himself on the job and because he had not recuperated fully and would require leave from work and filed a claim for worker's compensation benefits.

102.    Plaintiff's termination was against the public policy of the State of California as evidenced by the enactment of Labor Code section 132(a) which provides: "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment."

103.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other

14

COMPLAINT FOR DAMAGES

economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

104.   As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said DEFENDANTS' acts in an amount to be ascertained at the time of trial.

105.   As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

106.   The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

### NINTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (As against all Defendants)

107.   Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-106, inclusive, above, as though fully set forth in this cause of action.

108.   In violation of Government Code § 12945.2 and 2 Cal. C. Regs. § 7297.1, Defendants engaged in an unlawful employment practice by failing to provide Plaintiff with a leave for his medical condition.

109.   In violation of Government Code § 12940(a) and 12940(m), Defendants discharged, discriminated and retaliated against Plaintiff for exercising the right to take a disability leave.

110.   In violation of Government Code § 12940(h), Defendants retaliated against Plaintiff for exercising his CFRA rights.

111.   Defendants, and each of them, terminated Plaintiff's employment because he suffered from a medical condition/disability and required reasonable accommodations.

112.   The conduct of Defendants, and each of them, as described above, is extreme and

15

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit _____A_____, Page___24___

Exhibit _____A_____, Page___26___

outrageous and exceeds all standards of decency normally associated with a civilized society; that such conduct was intentional and malicious and done for the purpose of, or with reckless disregard for the substantial probability of, causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

113.   Plaintiff did in fact suffer severe emotional distress as a direct and proximate result of the above-described conduct.

114.   As a proximate result of the aforementioned outrageous acts of Defendants, and each of them, as alleged above, Plaintiff has suffered physical and mental injuries requiring the expenditure of sums to treat said injuries in an amount to be ascertained at the time of trial; that as a further proximate result of the aforementioned acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

115.   The acts of Defendants, and each of them, as alleged above were intentional, willful and malicious and done in conscious disregard of Plaintiff's rights, safety and well-being and with the intent to vex, injure, and annoy Plaintiff; as such, Plaintiff requests that exemplary and punitive damages be assessed against each of these Defendants in an amount to sufficient to punish said Defendants and to deter others from engaging in similar conduct.

////
////
////
////
////
////
////
////

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

16
COMPLAINT FOR DAMAGES

WHEREFORE, Plaintiff prays for judgment as against all Defendants, as follows:

## ON THE FIRST, THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION

### (As against DARDEN RESTAURANTS and DOES 1 through 100, inclusive)

1. For compensatory damages against Defendants according to proof;
2. For general damages against Defendants according to proof;
3. For reasonable attorney's fees according to proof;
4. For exemplary and punitive damages against Defendants according to proof;
5. For costs of suit incurred herein;
6. For such other and further relief as the court deems just and proper.

## ON THE SECOND CAUSE OF ACTION

### (As against ALL Defendants)

1. For compensatory damages against Defendants according to proof;
2. For general damages against Defendants according to proof;
3. For reasonable attorney's fees according to proof;
4. For exemplary and punitive damages against Defendants according to proof;
5. For costs of suit incurred herein;
6. For such other and further relief as the court deems just and proper.

## ON THE SEVENTH AND EIGHTH CAUSES OF ACTION

### (As against Defendants DARDEN RESTAURANTS and DOES 1 through 100, inclusive)

1. For compensatory damages against Defendants according to proof;
2. For general damages against Defendants according to proof;
3. For exemplary and punitive damages against Defendants according to proof;
4. For costs of suit incurred herein;
5. For such other and further relief as the court deems just and proper.

17

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

Exhibit ___A___, Page _26_

Exhibit ___A___, Page_ 28_

## ON THE NINTH CAUSE OF ACTION

### (As against all Defendants)

1. For compensatory damages against Defendants according to proof;

2. For general damages against Defendants according to proof;

3. For exemplary and punitive damages against Defendants according to proof;

4. For costs of suit incurred herein;

5. For such other and further relief as the court deems just and proper.

Dated: August 7, 2008

THE FELDMAN LAW FIRM
A Professional Corporation

By: _Alicia Olivares_

ALICIA OLIVARES
Attorneys for Plaintiff,
DAVID W. RUTTER

18

COMPLAINT FOR DAMAGES

Exhibit ___A___, Page ___27___

Exhibit ___A___, Page ___29___



**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

Dated: August 7, 2008

THE FELDMAN LAW FIRM
A Professional Corporation

By: _____
ALICIA OLIVARES
Attorneys for Plaintiff,
DAVID W. RUTTER

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

19
COMPLAINT FOR DAMAGES

Exhibit ___A___, Page __28__

Exhibit ___A___, Page__30__

1

## PROOF OF SERVICE BY UNITED STATES MAIL

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California; I am over
the age of 18 years and not a party to this action.  My business address is 633 West
4   Fifth Street, 53rd Floor, Los Angeles, California 90071.

5        On September 29, 2008, I served the following document(s) described as:

6   **DEFENDANTS JAMES MCKEATING AND JANE DIANGE'S**
7   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
    **MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**
8
    on the persons below as follows:
9
                            Alicia Olivares, Esq.
10                          John F. Juenger, Esq.
                            The Feldman Law Firm
11          10100 Santa Monica Boulevard, Suite 2490
                    Los Angeles, California  90067
12                        Phone:  (310) 552-7812
                        Facsimile:  (310) 552-7814
13
        I enclosed the documents in a sealed envelope or package addressed to the
14   persons at the addresses as indicated above and:

15   ☐   deposited the sealed envelope or package with the United States Postal
         Service, with the postage fully prepaid.*
16
     ☒   placed the envelope or package for collection and mailing, following our
17       ordinary business practices.  I am readily familiar with this business's practice
         for collecting and processing correspondence for mailing.  On the same day
18       that correspondence is placed for collection and mailing, it is deposited in the
         ordinary course of business with the United State Postal Service, in a sealed
19       envelope or package with postage fully prepaid.

20        I am employed in the county where the mailing occurred.  The envelope or
     package was placed in the mail at Los Angeles, California.
21
22   ☒   (Federal)   I declare that I am employed in the office of a member of the Bar
                     of this Court at whose direction the service was made.  I declare
23                   under penalty of perjury under the laws of the United States of
                     America that the above is true and correct.
24
25   Executed on September 29, 2008, at Los Angeles, California.

26
     Miltonette Steinberg                        /S/ Miltonette Steinberg
27   Type Name                                   Signature

28
                                        CASE NO. CV08-06106 AHM (SSx)
     DEFENDANTS  MCKEATING AND DIANGE'S MEMORANDUM OF POINTS AND AUTHORITIES
               IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

6688811_2.DOC