O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

Plaintiff David R. Rutter has sued Darden Restaurants, Inc. and GRMI, Inc. dba Red Lobster ("Defendants"), for disability discrimination and wrongful termination under California law, including under the California Family Rights Act and Fair Employment and Housing Act. Defendants now move to dismiss all claims against them or, in the alternative, to compel arbitration and stay the action, on the ground that Plaintiff agreed to arbitrate all of his claims.

For the reasons stated below, the Court GRANTS Defendants' motion and dismisses the action without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## II.   FACTUAL BACKGROUND

Plaintiff has sued Defendants in connection with his employment as Director of Operations of Red Lobster restaurants in Los Angeles County from May 1996 to April 2008. Red Lobster is a wholly owned subsidiary of Darden Restaurants, Inc.

Darden maintains a "Dispute Resolution Process" (DRP), the current version of which is contained in a booklet dated January 2005. Declaration of Alexis Roberts ("Roberts Decl.") ¶ 4, Ex. D. The booklet explains the disputes and claims that are

---

[1] Docket No. 7.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

covered by DRP. The DRP is comprised of four steps: Open Door, Peer Review, Mediation and Arbitration. Roberts Decl., Ex. D at p. 9.[2] The first three steps of the DRP apply to all employment-related disputes. The fourth and final step, Arbitration, applies only to disputes which state a legal claim, such as claims arising under federal and state statutes or any common law right or duty. *Id.* The booklet goes on to state, in bold letters:

> **The DRP is the sole means for resolving covered employment-related disputes, instead of court actions. Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitration. This means DRP-eligible disputes will NOT BE RESOLVED BY A JUDGE OR JURY. Neither the Company nor the Employee may bring DRP-eligible disputes to court. The Company and the Employee waive all rights to bring a civil court action for these disputes.**

*Id.* (emphasis in original).

Next, the booklet sets forth exceptions to the DRP for disputes related to workers compensation or unemployment insurance benefits or disputes that by law cannot be subjected to mandatory arbitration or that are legally required to be resolved under a different process. *Id.* Also exempt from DRP are disputes "regarding wage rates, wage scales or benefits, performance standards, work rules, food quality and service standards, or company policies and procedures, including whether to open or close operations, unless these disputes are brought pursuant to a specific federal or state statute, or other applicable legal standard." *Id.*, Ex. D at p. 10.

The DRP does not prevent an employee from filing an administrative charge or complaint with federal or state administrative agencies. However, if an agency issues a right to sue notice, "the DRP is the only means of resolving the dispute, and binding arbitration is the sole and final process and remedy. Any relief obtained through the DRP will be the sole remedy and will be the final resolution of the dispute and all damage claims unless otherwise provided by law." *Id.*

---

[2]The page numbers refer to the external pagination of the DRP.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

In addition, no class actions may be brought under the DRP. The arbitrator may not certify "any group of current or former employees, or applicants for employment, as a class or collective action in any arbitration proceeding." Roberts Decl., Ex. D at pp. 10, 14.

The DRP also contains various provisions concerning arbitration procedures and the authority of the arbitrator. The arbitrator has the same authority as a court of law to grant relief, including "temporary restraints and preliminary injunctive remedies. However, this provision does not prevent either the Employee or the Company from requesting temporary or preliminary injunctive remedies from an appropriate court, provided that the request does not remove the dispute from final resolution by the arbitrator." *Id.*, Ex. D at p. 14.

Plaintiff was required to agree to the DRP as a condition of his employment. Roberts Decl. ¶ 5. He did so by signing two documents indicating his agreement to comply with the DRP. On May 26, 2005, Plaintiff signed a "Manager Handbook Acknowledgment" that stated, in part:

> I have received a copy of Darden's Dispute Resolution Process. I have read this information and understand and agree to the terms and conditions of DRP and understand that Red Lobster is equally bound. I agree that, as a condition of my employment at Red Lobster, to submit any eligible disputes I may have to the company's DRP and to abide by the provisions outlined in the DRP. I understand that this includes, among other employment-related issues, claims under state and federal laws relating to harassment and discrimination.

*Id.*, Ex. B. On the same day, Plaintiff also signed a "Dispute Resolution Process Acknowledgment," which stated:

> I have received and reviewed the Dispute Resolution Process (DRP) booklet. This booklet contains the requirements and obligations, procedures and benefits of the DRP. I have read this information and understand and agree to the terms and conditions of the DRP. I agree as a condition of my employment to submit any eligible disputes I may have to the company's

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

> DRP and to abide by the provisions outlined in the DRP. I understand that this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP. Finally, I understand that the company is equally bound to all of the provisions of the DRP.

Roberts Decl.*,* Ex. C.

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The effect of section 2 is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Section 2 also establishes a "liberal federal policy favoring arbitration," which requires courts to resolve any doubts concerning arbitrability or the scope of arbitrable issues in favor of arbitration," *Id.*, and to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). "[W]hen parties agree to arbitrate all disputes arising under their contract, questions concerning the validity of the entire contract are to be resolved by the arbitrator in the first instance, not by a federal or state court." *Preston v. Ferrer*, ___ U.S. ___, 128 S.Ct. 978, 981 (2008), citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006). Therefore, a district court must compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 419 (9th Cir. 1984) (citation omitted).

However, "arbitration is a matter of contract, and a party cannot be required to submit any dispute which he has not agreed so to submit. Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1139 (9th Cir. 1991) (citations omitted). Like other types of contracts, agreements to arbitrate are subject to generally applicable contract defenses, such as fraud, duress or unconscionability. *See Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681,

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

687 (1996). In determining whether an arbitration agreement is valid, federal courts apply "ordinary state-law principles that govern the formation of contracts." *See Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

The FAA permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Under the FAA, "the party petitioning to compel arbitration bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence. The party opposing the petition must meet the same evidentiary burden to prove any facts necessary to its defense. The party opposing arbitration has the burden of proving the arbitration provision is unconscionable." *Higgins v. Superior Court*, 140 Cal.App.4th 1238, 1249 (Cal. Ct. App. 2006) (internal citations omitted).

## IV.  DISCUSSION

Plaintiff does not dispute that he agreed to the DRP agreement. Nor does he dispute that the agreement covers all nine of his discrimination and wrongful termination-related claims. He makes two arguments in opposition to arbitration: the DRP agreement does not mandate arbitration, but only permits arbitration, and the arbitration agreement is unconscionable under California law.

### A. The DRP Provides that Arbitration is the Mandatory, Not Optional, Forum for Pursuing Legal Claims After the Conclusion of Mediation

Plaintiff argues that the DRP does not make arbitration mandatory. He relies on one sentence on page 5 of the DRP booklet that states that upon the conclusion of mediation, "if the dispute involves a legal claim, either the Employee or the Company *can* submit the matter to binding arbitration." Roberts Decl., Ex. D at p. 13 (emphasis added).

Plaintiff ignores, however, the previous provisions of the DRP that describe arbitration as mandatory. The language in bold on the very first page of the booklet

Case 2:08-cv-06106-AHM-SS Document 38 Filed 11/18/08 Page 6 of 15 Page ID #:663

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

makes it clear that arbitration, rather than court action, is the *only* way to resolve a dispute once the fourth step of the DRP is reached. *See* Roberts Decl., Ex. D at p. 9 ("Neither the Company nor the Employee may bring DRP-eligible disputes to court."). The language describing the process after the issuance of a right to sue notice also states unequivocally and repeatedly that "binding arbitration is the *sole* and final process and remedy." *Id.*, Ex. D at p. 10. The only reasonable inference from those provisions is that after mediation, the sole avenue for relief for disputes covered by the DRP is arbitration.

Given the unmistakable meaning of the provisions that precede it, therefore, the phrase "the Employee or the Company *can* submit the matter to binding arbitration" merely means a party who does not want arbitration has the option to abandon the claim. A party can choose between invoking his right to arbitration or forgoing further review. *See Erickson v. Aetna Health Plans of California, Inc.*, 71 Cal.App.4th 646, 656-57 (Cal. Ct. App. 1999) (construing language stating that a party "may" submit a dispute to arbitration as providing for mandatory rather than consensual arbitration and holding that "may" merely signifies the right of the party to choose between arbitration or abandoning the claim).

Based on ordinary principles of contract interpretation, as well as the policy favoring construction of agreements in favor of arbitration, the Court concludes that the DRP must be interpreted to require arbitration, rather than merely to permit it. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25 ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

### B. The Arbitration Agreement Is Not Unconscionable

The DRP booklet states that the "DRP is governed by the Federal Arbitration Act or whatever state law is required to authorize and/or enforce the arbitration. . . ." Roberts Decl., Ex. at p. **7**. The parties rely on California law and the Court will apply California law, given that the events giving rising to Plaintiff's claims occurred in California.

California Civil Code § 1670.5(a) provides that courts should not enforce contracts

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

that are unconscionable.[3] Although § 1670.5(a) does not define the characteristics that make a contract unconscionable, in *Armendariz v. Foundation Heath Psychcare Services, Inc.*, 24 Cal.4th 83, 114 (Cal. 2000), the California Supreme Court explained that in order for an arbitration agreement to be unconscionable, it must have elements of both procedural and substantive unconscionability. The former element focuses on "oppression" or "surprise" due to unequal bargaining power, while the latter arises from "overly harsh" or "one-sided" results. *Id.* (quotations and citations omitted). Both types of unconscionability need not be present to the same degree. *See Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 783 (9th Cir. 2002). Thus, "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *See Armendariz*, 24 Cal.4th at 114.

### 1. The agreement is procedurally unconscionable.

An agreement to arbitrate is procedurally unconscionable if it is a contract of adhesion. *Armendariz*, 24 Cal.4th at 113. "The term [contract of adhesion] signifies a standardized contract, which, imposed and drafted by a party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Id.* (quoting *Neal v. State Farm Ins. Cos.*, 188 Cal.App.2d 690, 694 (Cal. Ct. App. 1961). It is well established that employment contracts which are drafted by the employer and foisted upon the employee on a "take-it-or-leave-it" basis without an opportunity for negotiation are contracts of adhesion. *See id.* at 115 (holding that an arbitration agreement signed by an employee as a condition of employment was a contract of adhesion and was thus procedurally unconscionable); *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1073 (9th Cir. 2008) (same); *Ferguson*, 398 F.3d at 784 (same).

In this case, Defendants admit that Plaintiff was required to agree to the DRP as a condition of employment. Roberts Decl. ¶ 5. Therefore, the DRP is procedurally

---

[3] Cal. Civ. Code § 1670.5(a) provides: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made, the court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

unconscionable.

        2. The agreement is not substantively unconscionable.

      The parties' arguments center on substantive unconscionability. An agreement to arbitrate is substantively unconscionable if its "terms are so one-sided as to *shock the conscience*." *See Ferguson*, 298 F.3d at 784 (citations omitted) (emphasis in original). In *Armendariz*, the California Supreme Court specified five minimum requirements that a mandatory employment arbitration agreement must meet to avoid curtailing an employee's statutory rights: (1) provides for neutral arbitrators; (2) provides for more than minimal discovery; (3) requires a written award; (4) provides for all types of relief that would be available in court; and (5) does not require employees to pay the unique expenses of arbitration. *Armendariz*, 24 Cal.4th at 102-03 & n. 8.

      In addition, *Armendariz* held that adhesive mandatory employment arbitration contracts must possess at least a "modicum of bilaterality." *Id.* at 117 (agreeing with *Stirlen v. Supercuts, Inc.*, 51 Cal.App.4th 1519 (Cal. Ct. App. 1997) and *Kinney v. United Healthcare Services, Inc.*, 70 Cal.App.4th 1322 (Cal. Ct. App. 1999)). Lack of mutuality renders a contract unconscionable, the Court explained, if the employer fails to provide "reasonable justification" for the one-sidedness based on "business realities," *id.* at 117, "*i.e.*, a justification grounded in something other than the employer's desire to maximize its advantage based on the perceived superiority of the judicial forum." *Id.* at 120, *cited in Davis*, 485 F.3d at 1080.

      Applying this requirement of mutuality, both the California Supreme Court and the Ninth Circuit have found arbitration agreements intolerably one-sided if (a) they compel only the employee to arbitrate his claims against the employer (while leaving the employer free to litigate its claims against the employee in court), (b) give the employer a judicial remedy that is not sufficiently tailored to a legitimate business reality, (c) prohibit class actions, or (d) give the employer the unilateral power to modify or terminate the agreement. *See Armendariz*, 24 Cal.4th at 115-21; *Davis*, 485 F.3d at 1079-81; *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1175, 1179 (9th Cir. 2003); *Ferguson*, 298 F.3d at 784-87.

        a. The arbitration agreement meets the minimum requirements of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

*Armendariz.*

Plaintiff does not dispute that most of the minimum requirements are met. The DRP provides for neutral arbitrators, requires a written award, authorizes the arbitrator to grant any relief that would be available in court, and provides that Defendants will bear all costs unique to arbitration.

Plaintiff contends that the provisions concerning discovery and the duration of the hearing hinder his ability to vindicate his statutory rights and therefore fail to satisfy *Armendariz*. Specifically, Plaintiff argues, the arbitration agreement does not allow for adequate time for discovery, because it provides that the arbitration hearing start no later than 90 days following the selection of the arbitrator. He also argues that it does not allow adequate time for the duration of the hearing, which is set at two days. Both of these time limitations are subject to change by the arbitrator, for good cause. *See* Roberts Decl., Ex. D at p. 15. These limitations, according to Plaintiff, present unconscionable barriers to the vindication of his rights because as the plaintiff, he will require more time for discovery and more time to present his case at arbitration compared to the defendant. Moreover, the provision allowing the arbitrator to adjust the schedule for good cause is inadequate, Plaintiff contends, because he would have to file an "expensive" motion for such relief from the arbitrator (presumably, attorneys' fees).

Plaintiff's arguments are unpersuasive. One of the benefits of arbitration is that it generally allows parties to reach a resolution on the merits more quickly than is possible in court. Thus, California courts do not by any means require that an arbitration agreement permit "unfettered discovery." *Mercuro v. Superior Court*, 96 Cal.App.4th 167, 184 (Cal. Ct. App. 2002). Parties may certainly "agree to something *less than* the full panoply of discovery provided in Code of Civil Procedure section 1283.05." *Armendariz*, 24 Cal.4th at 105-06.

Courts have upheld more stringent limitations on discovery. In a case that Plaintiff himself cites for a different point, the arbitration agreement limited the parties to three depositions and an aggregate of 30 discovery requests of any kind, with additional discovery requests to be granted only upon a showing of good cause. *Mercuro*, 96 Cal.App.4th at 182. Yet the court rejected plaintiff's argument that these limitations were unconscionable because the employee had not provided "evidence showing how these

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

provisions are applied in practice." *Id.* at 183.

Something more than Plaintiff's speculative assertions about his ability to vindicate his rights is needed to invalidate agreed-to discovery rules. *Mercuro* and other cases make clear that whether limitations on discovery violate the principles in *Armendariz* depends on the complexity of the claims, the nature of proof required, the precise discovery that the arbitration agreement does permit, and the burdens that the agreement imposes on the party who seeks to exceed the limits. *See Ontiveros v. DHL Exp. (USA), Inc.*, 164 Cal.App.4th 494, 512 (Cal. Ct. App. 2008) (invalidating provision limiting depositions to one individual and any expert witness designated by another party because plaintiff would need to take at least 15 to 20 depositions and the arbitration agreement's "substantial need" standard imposed too high a burden on plaintiff); *Fitz v. NCR Corp.*, 118 Cal.App.4th 702, 717-18 (Cal. Ct. App. 2004) (invalidating limitation on number of depositions because plaintiff demonstrated that a standard of "compelling need" unfairly required parties to demonstrate that a fair hearing would be "impossible" without additional discovery).

Plaintiff has cited no authority finding presumptive time limits on discovery and the duration of the hearing, such as the limits in the DRP, to be unconscionable based on the rationale he has provided. Nor has he shown how the discovery provision in the DRP would necessarily prevent him from vindicating his statutory rights in his particular case. Therefore, the Court finds that the minimum requirement of adequate discovery has been met.

> b. The arbitration agreement has more than a "modicum of bilaterality."

Under *Armendariz* and later cases, a mandatory employment arbitration agreement lacks mutuality if it requires one party to arbitrate while leaving the other party a choice of forums or if, where the scope of arbitration is the same for both parties, the claims that may be brought in court are claims the stronger party is likely to bring, while the claims the weaker party is likely to bring are confined to arbitration. *See Armendariz*, 24 Cal. 4th at 119-20; *Mercuro*, 96 Cal.App.4th at 175-76. Plaintiff argues that the DRP lacks mutuality because the latter situation is present. He thus seeks to impose on Defendants the burden of providing a "reasonable justification" for the one-sidedness based on

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

"business realities." *Armendariz*, 24 Cal. 4th at 117.

  Plaintiff asserts that three provisions of the DRP are one-sided in effect. First, no class actions may be brought under the DRP. Second, the DRP exempts from arbitration disputes "regarding wage rates, wage scales or benefits, performance standards, work rules, food quality and service standards, or company policies and procedures, including whether to open or close operations, unless these disputes are brought pursuant to a specific federal or state statute, or other applicable legal standard." Third, and most important to Plaintiff, the DRP permits the parties to seek temporary or preliminary injunctive relief in court, in addition to the arbitral forum. The Court examines each in turn.

        i. The class action prohibition

  The DRP prohibits an employee from bringing a class action. Roberts Decl., Ex. D at p. 10. California courts have widely recognized that prohibitions on class actions, especially in the context of an agreement of adhesion such as this one, may be substantively unconscionable. *See Gentry v. Superior Court*, 42 Cal.4th 443, 453-55 (2007). In *Gentry*, however, the court made clear that the question of whether a class action waiver is enforceable where the statutory rights of employees are at stake depends upon a factual inquiry to determine whether or not, in light of the claims being asserted, a class action would be more effective or practical than individual litigation or arbitration. *Id.* at 463 (instructing the trial court to consider the modest size of the potential individual recovery, the potential for retaliation against members of the class, the fact that absent members of the class may be ill informed about their rights, and other real world obstacles to the vindication of class members' right to overtime pay through individual arbitration). Thus, a class action waiver in an arbitration policy is not *per se* invalid. *Id.* at 466. Rather, such a waiver will only be invalidated "after the proper factual showing." *Id.* As Plaintiff does not seek to maintain a class action and has made no showing that the claims he seeks to assert would be more effectively addressed in the context of a class action, it would be inappropriate to point to this provision of the DRP as the basis to find substantive unconscionability.

        ii. The "wage rates. . ." exceptions

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

Plaintiff argues that because the DRP is not available to resolve disputes concerning "wage rates, wage scales or benefits, performance standards, work rules, food quality and service standards, or company policies and procedures," it has the one-sided effect of precluding claims that the employee is most likely to bring. This argument has no merit. The provision to which Plaintiff refers actually specifies that disputes on those topics are exempt from DRP "unless these disputes are brought pursuant to a specific federal or state statute, or other applicable legal standard." Roberts Decl., Ex. D at p. 9. That is, disputes that reflect disagreements that are not premised on a claim of legal entitlement are not subject to the DRP. Included within this category, for example, would be an employee's disagreement with the company's decision to not give him a raise that is not premised on statute, contract, or anti-discrimination law. Another example would be an employee's complaint that the color of uniforms is unbecoming. By contrast, "disputes brought pursuant to . . .[an] applicable legal standard" -- that is, legal disputes -- *are* subject to the DRP and are arbitrable. These would include, for example, a claim that Red Lobster failed to pay proper overtime compensation or a claim of gender discrimination due to the different uniforms that male and female employees were required to wear. This provision does not preclude any party's *legal* claims, much less the claims that the employee is most likely to bring.

      iii. The exception for temporary and preliminary injunctive
      relief

The gravamen of Plaintiff's substantive unconscionability argument focuses on the provision of the DRP that provides either party with the option of "requesting temporary or preliminary injunctive remedies from an appropriate court, provided that the request does not remove the dispute from final resolution by the arbitrator." Roberts Decl., Ex. D at p. 14. Plaintiff argues that this provision is unconscionably lacking in mutuality because it permits the employer to litigate in court the claims it is most likely to bring against an employee, while requiring the employee to arbitrate the claims he is most likely to bring.

The cases that illustrate that such an effect would be unconscionable are, however, factually distinct, because they involved broad exemptions for all injunctive claims or all intellectual property claims. In *O'Hare v. Municipal Resource Consultants*, 107 Cal.App.4th 267, 271 (Cal. Ct. App. 2003), the employment contract specifically

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

permitted the employer to file a lawsuit for injunctive relief for breach of the employee's confidentiality obligations, yet it required the employee to arbitrate all claims arising from his employment. Moreover, it was silent about the employer's obligation to arbitrate any other claim it may have. Under this agreement, the court noted, the employee would be required to arbitrate a claim arising from his being discharged for breach of his confidentiality obligations, while the employer would be permitted to file in court a claim that the employee breached those obligations. *Id.* at 274. *Mercuro v. Superior Court*, *supra*, involved a similarly lopsided set of inclusions and exclusions from arbitration. There, the arbitration agreement specifically required arbitration of claims for breach of express or implied contracts or covenants, tort claims, claims of discrimination, and claims for violation of any statute, regulation or public policy, but also specifically excluded claims for injunctive or other equitable relief for intellectual property violations, unfair competition, or use or disclosure of trade secrets or confidential information. 96 Cal.App.4th at 176. As the court noted, "[T]he agreement compels arbitration of the claims employees are most likely to bring against Countrywide. On the other hand,. . .the agreement exempts from arbitration the claims Countrywide is most likely to bring against its employees." *Id.* This was the very situation that the *Armendariz* court found to be unconscionable: Only the weaker contracting party -- the employee -- would be required to arbitrate all claims "arising out of the same transaction or occurrence of series of transactions or occurrences." *Id.* at 176-77 (quoting *Armendariz*, 24 Cal.4th at 120).

      Here, in contrast, the DRP does not carve out an exception from arbitration for all injunctive claims or for all intellectual property claims or for any other particular type of claim. The fundamental clause in the Introduction on page 1 of the DRP booklet states in bold that *both* employer and employee waive all rights to bring a court action for covered employment-related disputes. Roberts Decl., Ex. D at p. 9. The provision on page 6 concerning the authority of the arbitrator does state that *both* employer and employee may request temporary or preliminary injunctive relief from a court, but it specifically admonishes that the claim would remain subject to final resolution by the arbitrator. This reference reflects what both sides are already entitled to do under California Code of Civil Procedure section 1281.8(b), which provides: "A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief." Thus, the DRP simply reaffirms the right of parties to an arbitration to seek emergency relief in state court. It does not single out claims typically brought only by the employee for disparate treatment.

Because the arbitration requirement in the DRP is explicitly mutual and does not contain any one-sided exceptions, the Court finds that it has even more than the "modicum of bilaterality" that is required and is therefore not substantively unconscionable.

### C.  Dismissal Without Prejudice is Appropriate

Defendants request dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff argues that dismissal based on Rule 12(b)(1) is inappropriate because the Court does have diversity jurisdiction.

When all claims made in the litigation are subject to arbitration, courts may also choose to dismiss the action in its entirety for the failure to state a claim under Rule 12(b)(6). *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 725 (9th Cir. 2000) (where "judicial review ... is barred by the [contract's] valid and enforceable arbitration clause[,] [t]he district court properly dismissed his complaint under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim"); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988) (holding that *sua sponte* dismissal for failure to state relief was proper even though defendant only sought a stay pending arbitration); *Luna v. Kemira Specialty, Inc.*.--- F.Supp.2d ---, 2008 WL 4181192 (C.D. Cal. Sept. 11, 2008) (Morrow, J.) (citing additional authorities).

Because all of Plaintiff's claims are subject to arbitration, there is no claim on which the Court may grant relief. Neither Section 3 of the FAA nor the parties' arbitration agreement requires the Court to retain jurisdiction in this situation. The Court dismisses this action without prejudice.

### V. CONCLUSION

For the foregoing reasons, the Court holds that the parties' arbitration agreement is

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6106 AHM (SSx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | DAVID W. RUTTER v. DARDEN RESTAURANTS, INC., *et al.* | | |

valid and enforceable and that Plaintiffs' claims are subject to arbitration. The Court thus GRANTS Defendants' motion and dismisses the action without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

  No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**Make JS-6**